W. R. RICHARDSON, ADMINISTRATOR, ET AL. v. ETTA M. MCLEMORE ET AL.

1. ESTATES OF DECEASED PERSONS.   *Devastavit.*   *Administrator.*
   An administrator who invests assets of the estate in land, and takes a deed to himself as " administrator," if liable to suit for *devastavit,* can, nevertheless, convey the title free of claims of the distributees.

2. SAME.  *Trustee.*  *Purchase and sale of land.*
   In such a case, the words in the deed to the administrator after his name: "Administrator of the estate," etc., are merely *descriptio personæ,* he holds the

the title as trustee for the distributees of the estate, and does not require a decree of court on administration proceedings in order to convey.

3. VENDOR AND VENDEE.　*Title-bond. Covenants.*
If one who purchases land contracts to hold himself bound on his notes, as if the vendor was competent to perform his part, and this part is to divest the heir's title in a case like this, the covenants are not dependent, and recovery can be had on the notes before an administration sale and deed.

4. SAME.　*Dependent covenants. Infancy.*
If the covenants were dependent, the facts that the vendee died leaving minor heirs, who are, by reason of their infancy, incompetent to accept the deed, render the execution of one non-essential to a recovery on the notes.

APPEAL from the Chancery Court of Leflore County.

Hon. R. W. WILLIAMSON, Chancellor.

This was a demurrer sustained to a bill to enforce a vendee's notes secured by a lien on the land purchased and a mortgage on other property. The other facts of the case are stated in the opinion of the court.

*R. Shotwell*, for the appellants.

1. The administrators had a right to compound the debt in exchange for the land and to sell the latter for the benefit of the estate. By this course they have a larger sum than the original claim secured both on this land and other property. *Bailey* v. *Dilworth*, 10 Smed. &. M. 404 ; *Gulledge* v. *Berry*, 2 Geo. 346 ; *Martin* v. *Turner*, 43 Miss. 517.

2. The contract possesses all the requisites of a deed. The administrators and the distributees of the estate are all parties to the bill. Together they can enforce the mortgage and vendor's lien. *Moore* v. *Lackey*, 53 Miss. 85.

3. Even if this contract is a mere bond for title, recovery can be had upon the notes, because no time is fixed for the future decree or deed, and the notes are payable as if the vendors were competent at the time of making the contract. The covenants are not dependent. *Rector* v. *Price*, 3 How. 321 ; *McRaven* v. *Crisler*, 53 Miss. 542.

*J. W. Rudolph*, on the same side.

1. Debts due the estate are assets, secured by the administration-bond ; the administrator may use these assets in

compounding, and acquire land.    None but the distributees
can complain if a loss results.    In this case they are silent,—
the result has been gain.    No statute in Tennessee prohibits
transactions like these.    The notes were found in that State,
where the owner died and where administration is pending.
The decree of the court there is not a decree of sale of land
here, but merely a personal decree confirming the administra-
tor's actions.    *Johnson* v. *King*, 8 Humph. 142 ; *Anderson*
v. *Greggs*, 44 Miss. 170 ; *Buckingham* v. *Warren*, 54 Miss.
526 ; *Porter* v. *Caspar*, 54 Miss. 359 ; *Powell* v. *Stratton*, 11
Gratt. 792 ; *Short* v. *Johnson*, 25 Ill. 496 ; Perry on Tr.,
sects. 122, 198 ; 7 Story's Eq. Jur. 322.

2. The contract is a conveyance of the property.    1 Pars.
on Con. 525.    *Lee* v. *Mahoney*, 9 Iowa, 344.    But, if not,
the covenants are independent.    *Gibson* v. *Newman*, 1 How.
341 ; *Robinson* v. *Harbour*, 42 Miss. 795 ; *McRaven* v. *Cris-
ler*, 53 Miss. 542.

*J. W. Rudolph*, also made an oral argument.

*Frank Johnston*, for the appellees.

1. If the land is treated as personalty, the sale is void.
*Worten* v. *Howard*, 2 Smed. & M. 527 ; *Cable* v. *Cartin*, 1 How.
558 : *Barnes* v. *McGee*, 1 Smed. & M. 208 ; *Gelstrop* v. *Moore*,
4 Cush. 206.    The title to the land was a mere security for the
notes.    The foreign administrator could not sue for the debt
in this State.    Neither land nor personalty of a deceased
person can be sold by his administrator without the interven-
tion of the proper court.

2. But the stipulation for the decrees in both States is in
this contract.    Whether useless or not, they are contracted
for.    The purchaser had the right to make this stipulation.
Performance of this condition is not impossible.    It is no
answer to say that the vendee was mistaken as to the law.    He
contracted for a specific thing.    Contracts must be enforced
as made.

3. The contract is one of mutual and dependent covenants.
Tender of title was a precedent condition.    One exception

only is recognized, to-wit : That of an assignee of the notes, because he has not the legal title. In this case, what is there to excuse the failure to make the tender? The distinction is marked between this case and that of *Boyce* v. *Francis*, 56 Miss. 573, and the two which the latter follows.

*A McC. Kimbrough*, on the same side.

1. Foreign administrators cannot intermeddle with the estate in Mississippi. ———— v. ————, 49 Miss. 552. They have no control over the real estate. ———— v. ———— ————, 51 Miss. 206. The proper court can order land sold only for the purposes and in the manner specified in the statute ———— v. ————, 44 Miss. 322. Converting the money into land subjected it to the law of real estate. ———— v. ————, 52 Miss. 41. Courts of no State will enforce a foreign contract or decree which sets at naught its laws or violates its policy. ———— v. ————, 47 Miss. 144.

2. The contract is one of dependent covenants. It cannot be enforced until the title contracted for is made. When the Tennessee court declared that it had no jurisdiction over the land, the notes were in effect declared void. This stipulation is in the contract. It cannot be disregarded. The result is that the contract cannot be enforced, and the demurrer to the bill was properly sustained. A title which shall preclude the heirs from objecting by decrees of the courts is bargained for, and is essential to the maintenance of this suit.

COOPER, J., delivered the opinion of the court.

The demurrer of the defendants, containing fourteen special causes presents in various forms the three objections that Daniel and Degraffenried acquired no title to the land by their purchase from Townsend, the trustee in the deed of trust, and from John D. McLemore, the grantor therein, and therefore could convey none to the purchaser, Price P. McLemore, for which reason the notes sued on are averred to be without consideration ; that if they acquired title, Degraffenried did not join in the contract of sale, and his undivided half interest in

the land was not sold to P. P. McLemore, and that the covenants of the parties were mutual and dependent, and no right of action accrued on the notes until a valid conveyance should be made or tendered to the purchaser.

It is too clear to admit of argument, and we might well add, too clear to require decision, that by the conveyances from Townsend, the trustee, and John D. McLemore, the legal title to the land passed to Wm. M. Daniel and M. F. Degraffenried. Whether they, as administrators, committed a *devastavit* of the estate of their testator, by investing its assets in the land purchased, was a question to be determined by the court in which the administration was pending, or in proceedings instituted against them by persons having the right to question their acts. But if the *devastavit* was established, its effect would only be to fix a personal liability on the administrators. It would not divest the title which they had acquired to the land bought. The legal title passed by the conveyances to the individuals named in the deed as grantees; the words " administrators of the estate of M. F. Degraffenried," were only *descriptio personæ.* The objections that the contract of sale was not executed by M. F. Degraffenried, and, therefore, only title to an undivided half interest in the land passed by the contract (if it be considered a deed), and the broader one that the contract was for a conveyance as a condition precedent to the right to demand payment of the notes, and that no conveyance had been made or tendered, we will consider together.

Whether covenants are mutual and dependent, or independent though mutual, it is sometimes difficult to determine. The cardinal rule for construction, of course, is, to be guided by the intention of the parties as far as it may be discovered from the contract.

From an examination of the contract of sale it appears, that both parties entertained the erroneous opinion, that by the conveyance to Daniel and Degraffenried they acquired no title as individuals, but that title was vested in whoever might at

any time be the administrator of the estate of M. F. Degraffen-
ried, deceased, or in the heirs at law of said testator.   Before
the execution of the contract, M. F. Degraffenried had
resigned his trust as administrator, and it evidently was
believed that by such resignation he had divested himself of
all title in the land ; nothing is said in the contract as to his
title ; it was not required by the purchaser, nor agreed to be
obtained or transferred by the seller.   It was, however, deemed
material, that by some proceeding, the title which the heirs of
M. F. Degraffenried (the testator) were supposed to have in
some manner acquired, should be procured.·   It was, therefore,
agreed that Daniel, the administrator, should apply to the
Chancery Court of Tennessee, in which his administration was
pending, for an order ratifying his sale of the lands, '' and to
have all necessary and proper orders, acting on the person of
the parties in interest, either to make the necessary convey-
ances as to those of full age, or to have steps taken in the
proper courts in said county of Leflore, in the State of Missis-
sippi, to have the interest and titles of the other parties
divested out of them and vested according to the terms of this
contract in the said Price P. McLemore.''   It is thus seen that
neither of the parties to the contract contemplated the execution
of a deed by the only persons who had title to convey.   They
both mistakenly believed that title could only be acquired by
or through some proceeding against the heirs of M. F.
Degraffenried, deceased, and such proceedings Daniel, the
administrator, agreed to institute.   As the lands were situated
in this State, and the administration was being conducted in
the State of Tennessee, it seems to have occurred to the
administrator that he might have some difficulty in procuring
the necessary decree in either State, and that by reason
thereof, the purchaser of the land might decline to pay the
purchase-money.   This is evidenced by the fact that while the
contract recites that it was understood that Daniel then had
no right to convey, the purchaser bound himself by the
stipulation that he, '' agrees to make this purchase, and

execute his notes, and to hold himself bound in all respects by the same, as though the said party of the first part (Daniel) was now competent to perform his part."

The administrator, in pursuance of his contract, applied to the Chancery Court in Tennessee,. and that court ratified and approved his act in making the sale ; but doubting its authority to make any decree divesting. the title which was supposed to reside in the heirs at law, because the lands were in this State, it decreed that title should be divested so far only as it had jurisdiction over lands in a foreign State.

Here the matter seems to have rested until the institution of this suit, for the bill charges that the said Price P. McLemor (the purchaser) "*held and claimed title* under said contract and decree up to his death."

The confusion arose from the fact that the lands have been considered by the parties and by the court in Tennessee as held by the heirs at law of Degraffenried, deceased, as they would have been if owned by the deceased at his death.    If they had been owned by the testator at his death, they would, if undisposed of by his will, have passed by descent to his heirs at law. As to such lands, because the administrator is not owner, and the heirs are, he can only divest their title by proceeding in the courts, and in conformity with the statutes, of the State in which the lands are situated.    But in this case, the administrators were the owners of the land, holding it in trust for the legatees and distributees, just as they held other parts of the estate ; the land stood in the place of the assets of the estate which had been invested in its purchase, and the administrators had the same power over it that they had over the notes by which it was bought.    A conveyance by the persons in whom the legal title was vested, would have conferred title on the purchaser, and to protect themselves against the legatees and distributees of the testator, it was only necessary for the administrators to procure, from the court in which their administration was pending, such authority to sell, or approval of the sale, as would have been required for the sale of any

other property in their hands as administrators. The Chancery Court of Tennessee could, in the exercise of its power over the persons of the administrators, have directed the transfer of the title to the land by a conveyance from the administrators, executed in conformity to our laws. It could not, by decree alone, divest title to lands situated in this State, but it had authority over the persons in whom the legal title was vested, and having such power, could compel the execution by them of a deed, by which deed the title would have passed. From the allegations of the bill, and the terms of the contract, we are of opinion that the administrator, Daniel, executed his part of the contract as it was intended it should be executed, and that both he and the purchaser believed that the legal title to the land passed to the purchaser by virtue of the decree of the court of Tennessee; but we are also of the opinion that the purchaser, by the very terms of his agreement, bound himself to the payment of the notes, whether the legal title to the land should or should not be transferred to him at or before their maturity, relying upon an action on the covenant of Daniel for damages, if the title should not be transferred to him according to the terms of the contract. Upon another and independent reason, the bill was maintainable without a precedent tender of a deed, which is, that at the time it was filed there was no person capable of receiving the conveyance if tendered. McLemore, the purchaser, was then dead, and all of his heirs at law were and are infants, and had no capacity to accept the deed if tendered, and thereby release Daniel from the obligation of his agreement to make the conveyance as provided for by his contract.

The decree sustaining the demurrer and dismissing the bill is reversed, the demurrer is overruled and cause remanded, with leave to the defendants to answer the bill within sixty days after the mandate shall have been filed in the court below.