CASE 71—MOTION—MARCH 31.

## Jackson v. Roberts, Admr., &c.

APPEAL FROM GRANT COURT OF COMMON PLEAS.

1. PURCHASE OF LAND BY ADMINISTRATOR AT EXECUTION SALE.—An administrator may, without joining the heirs, proceed by notice and motion for the recovery of land which he has purchased at a sale made under execution in his favor as administrator, as land thus purchased by an administrator may be treated as personalty until his duty touching it is performed, and that duty is to collect and hold its proceeds for distribution among the heirs or for the payment of debts. But while the heirs were not necessary parties to such a proceeding

Jackson v. Roberts, Admr., &c.

instituted by the administrator, the execution defendant can not complain that they were substituted as plaintiffs for the administrator.

2. DEEDS—DESCRIPTION OF GRANTEE.—The use of the word "administrator" after the name of the grantee in a sheriff's deed must, if technical rules are to be applied, be considered as merely a description of the person.

COLLINS & FENLEY FOR APPELLANT.

1. The administrator can have no title or interest in the real estate of the decedent, and therefore had no right or power to maintain or even institute the action or special proceeding, whichever it may be called. (Gen. Stats., chap. 39, art. 2; 9 Dana, 281; Heeter, &c., v. Jewell, 6 Bush, 512.)

2. The administrator having no right to maintain the action, the heirs had no right to be substituted to the benefit of the notice or the motion made by him and thus become plaintiffs. (Gen. Stats., chap. 38, art. 12, sec. 9; Civil Code, sec. 134.)

3. While the judgment, the execution, the sale and the deed are copied into the record, there is no order introducing them as evidence, nor were they used as such, and unless it affirmatively appear that they were used on the trial this court will not consider them on the trial here; and in their absence there is no support for the judgment. (Lynn Boyd Tobacco Warehouse Co. v. Terrill, 12 Bush, 163.)

B. F. MENEFEE FOR APPELLEE.

1. The notice contained all the necessary allegations. (Gen. Stats., chap. 38, art. 12, sec. 9; McGhee v. Sutherland, 8 Ky. Law Rep., 87.)

2. The administrator having the right to maintain the action for the debt due his decedent had the right to purchase the land to satisfy his judgment and therefore to maintain this proceeding for its recovery. (Krieger v. Bissell, Trustee, 4 Ky. Law Rep., 11; Civil Code, sec. 21.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

M. L. Roberts was the administrator of W. L. Roberts, and as such obtained a judgment at law against the appellant, Jackson, in the Grant Common Pleas Court for the sum of $85.00. He caused an execution thereon to be issued and levied on a house and lot belonging to Jackson, and at the sale thereof by the sheriff, on May 14, 1888, became the purchaser at the price of $167.20, which paid the judgment, including interest and costs.

This price was less than two-thirds of the appraised value of the property, but the defendant in the execution failing to redeem it, the sheriff, on May 16, 1892, executed and delivered a deed therefor to M. L. Roberts, administrator, who thereupon gave notice to the appellant that he would enter a motion in the Grant Common Pleas Court on September 5, 1892, for the possession of the property, as provided in chapter 38, article 12, section 9, of the General Statutes.

Jackson demurred specially to the notice and proceeding because Roberts had not capacity to sue or institute the proceedings, being only the administrator of the personal estate, and generally because the facts alleged in the notice were insufficient to entitle the plaintiff to recover, because no deed had been exhibited and no allegation made that the time for redemption had expired, and because the levy and sale had not been set forth in the notice. Of this general demurrer it is sufficient to say that the notice is in exact compliance with the statute named, and the court properly overruled the objection to it. The court, however, sustained the special demurrer as to Roberts' capacity to sue, and over the objection of the appellant and at the instance of the heirs of W. L. Roberts made them plaintiffs in the motion and proceedings for possession. Jackson then filed his response, in which he denied the right of M. L. Roberts, administrator, to maintain the action or proceeding, or that all the heirs of W. L. Roberts had been made plaintiffs, and asserted further that he had paid the debt for which the judgment had been rendered prior to its rendition, etc. The court sustained a demurrer to the response and entered a judgment for the plaintiffs for the possession

Jackson v. Roberts, Admr., &c.

of the land. It is insisted that the judgment is errone-
ous because Roberts, administrator, could not maintain
such a proceeding, or if he could, then the judgment
should have given him the possession and not the heirs
of W. L. Roberts, and moreover that the plaintiffs did
not on the trial exhibit the judgment, the execution, its
levy or the sheriff's deed. As to this last contention we
need say only that the notice referred to the execution
and the sale thereunder, and the respondent in express
terms admitted the existence of the deed to Roberts,
administrator, and that it embraced the land in contro-
versy. These exhibits are in the record, and whether
filed or used as part of the notice or as evidence we do
not know. We assume they were used in the proceedings
in some way, as there is no bill of exceptions filed by the
appellant showing what was done, and the only thing
we can consider is the sufficiency of the response. Cer-
tainly the administrator has no right or interest in the
real estate of the decedent, but this property was no part
of the real estate of the decedent. We think he had the
right to purchase it as the plaintiff in the execution and
representative of the estate. He could not make a profit
by the purchase, but was the trustee or agent of the
heirs or creditors of the estate. The note on Jackson
came to his hands, and he was only doing his duty in
attempting its collection. It makes no difference what
form this asset took on, it was only a part of the estate
in the hands of the administrator, and it may be treated
as personalty until the duty of the administrator touch-
ing it was performed, and that duty was to collect and
hold its proceeds for distribution among the heirs or for
the payment of debts. It is said, however, that there were

no debts and that the administrator had settled his accounts, but no order to that effect is produced, and certainly his functions concerning this debt and its ultimate collection and distribution can not be said to have terminated. Nor do we see in what respect it was error to allow the other heirs to be made parties. It was but the substitution of the real parties in interest, and of this the defendant in the execution can not complain. His debt was paid by the sale of his land, and it seems to us his objections are purely technical. But if technical rules are applied he is in no better attitude. M. L. Roberts, "*admr.*," was the purchaser, and to him the deed was made. He also gave the notice and made the motion. He is not said to be the administrator of W. L. Roberts, and the use of the term "admr." after his name in the sheriff's deed to him may be and must in strictness be considered as merely a description of the person. His motion for possession was sustained, and it is a matter of no consequence to the defendant that he allowed others to share with him the benefit of his purchase.

Judgment affirmed.