SANBORN *v.* LOUD.[1]

1. DEEDS—CONSTRUCTION—INTEREST CREATED—PATENT TO EXECUTORS.

A patent to "J. and N., executors of the estate of S., and to their heirs and assigns forever," habendum to "J. and N., executors aforesaid, and to their heirs and assigns * * * forever," conveys the title to the executors individually, and not to the estate, the words "executors," etc., being merely descriptio personæ.

2. SAME—CONSTRUCTION—EXTRINSIC EVIDENCE.

Where a patent was issued to J. and N., "executors of the estate of S.," the court cannot, in an action of ejectment, look outside the instrument for evidence that it was the intention

---

[1] The opinion filed on the original hearing in this case was withheld from publication pending the rehearing.

of the grantees to secure the title for the estate and thereby declare the estate to be the grantee, since such practice would permit a secret and undisclosed intent of the grantees to change the legal effect of a deed.

3. PARTIES—NECESSARY PARTIES—TRUSTEES—EXECUTORS.
Land conveyed to J. and N., "executors of the estate of S.," cannot be declared to be held by them as trustees of the estate in a suit to which they are not parties.

4. TRUSTS—ESTABLISHMENT—EQUITY JURISDICTION.
A claim that the title to land is held in trust is one that should be made in a court of equity.

5. EJECTMENT—APPEAL—AFFIRMANCE—FAILURE TO SHOW TITLE.
Errors occurring at the trial of an action of ejectment terminating in verdict and judgment for defendant will not be considered where plaintiff did not, as a matter of law, have the legal title to the land in controversy.

Error to Alcona; Connine, J. Submitted January 18, 1907. (Docket No. 58.) Decided October 4, 1907. Rehearing denied December 10, 1907.

Ejectment by Frederick D. Sanborn, executor of, and trustee under, the last will and testament of James W. Sanborn, deceased, against Henry N. Loud, George A. Loud, and Edward F. Loud, copartners as H. M. Loud's Sons Company, and William Carroll. There was judgment for defendants, and plaintiff brings error. Affirmed.

*Cyrus A. Hovey* (*H. L. Stevens*, of counsel), for appellant.

*Charles R. Henry*, for appellees.

CARPENTER, J. This is an action of ejectment. It was commenced by the plaintiff as executor and trustee to recover the possession of three descriptions of land. It was tried in the circuit court before a jury and resulted in a verdict and judgment in favor of defendants. Plaintiff seeks a reversal of that judgment upon various grounds. In my opinion, none of these grounds need be considered, because, as I shall endeavor to show, it is our

duty to say, as a matter of law, that plaintiff did not have the legal title to the land in controversy, and defendants were, therefore, entitled to verdict and judgment.

Plaintiff claims to have acquired title by certain patents issued by the State of Michigan in the year 1871. Those patents recited the issuance of certain Agricultural College land certificates and their assignment "to John P. Sanborn, of St. Clair county, and Newell Avery, of Wayne county, executors of the estate of James W. Sanborn," and then proceeded:

"Now, therefore, I, Henry P. Baldwin, governor of said State, in consideration of the premises, and by virtue of the power and authority vested in me, * * * do issue this patent in the name and by the authority of the people of the State of Michigan, hereby granting and confirming unto the said John P. Sanborn and Newell Avery, executors aforesaid, and to their heirs and assigns forever, the following piece or parcel of land situate in the State aforesaid, to wit: [the description is omitted]. To have and to hold the above described and granted premises unto the said John P. Sanborn and Newell Avery, executors aforesaid, and to their heirs and assigns, to their sole and only proper use, benefit and behoof, forever."

Plaintiff claims that the title thus conveyed vested in the estate of James W. Sanborn, deceased, and, therefore, that he as the present executor of said estate—he having succeeded said John P. Sanborn and Newell Avery, the executors named in the will—is entitled to recover in this suit. It is clear that he has no right to recover unless the title conveyed by said patents did vest in said estate. Did the title so conveyed vest in the estate of James W. Sanborn, of which the above named Sanborn and Avery were executors ? or Did it vest in Sanborn and Avery as individuals ? If we construe this instrument by looking at the language contained within its four corners, we must say that the title was conveyed to Sanborn and Avery individually, and that the words "executors

of the estate of James W. Sanborn " are merely descriptio
personæ. The contention that it should be construed as
a grant to the estate of which they were executors, re-
quires us to cast out of the instrument the words, "their
heirs and assigns forever" and to substitute in their
stead, "their successors and assigns," or some equivalent
expression. This we are prohibited from doing by all
sound rules of construction. The words "their heirs and
assigns forever" were not mere idle words. Prior to
1881 (see section 9016, 3 Comp. Laws), it was necessary
to use the word "heirs" or some other word or words of
similar import in order to create an estate of inheritance.
13 Cyc. p. 642. This reasoning is supported by numerous
authorities. *Pfeiffer* v. *Rheinfrank,* 2 App. Div. (N.
Y.) 574; *Kanenbley* v. *Volkenberg,* 70 App. Div. (N.
Y.) 97; *Innerarity* v. *Kennedy,* 2 Stewart (Ala.), 156;
*Jackson* v. *Roberts,* 95 Ky. 410; *Richardson* v. *McLe-
more,* 60 Miss. 315; *Towar* v. *Hale,* 46 Barb. (N. Y.)
361; *Hannen* v. *Ewalt,* 18 Pa. 9. But it is contended
that we may look outside of the instrument and by so look-
ing find evidence which convinces us that it was the in-
tention of the above-named grantees, Sanborn and Avery,
to secure this title for the estate and thereby declare the
estate to be the grantee. I deny our right to seek and
use such evidence in construing the deed. By so doing,
we permit a secret and undisclosed intent of the grantees
to change the legal effect of a deed. Under that practice,
deeds would no longer be construed by the court in accord-
ance with their language. They would be construed by
juries in disregard of their language.

The case of *Brown* v. *Combs,* 29 N. J. Law, 36, is an
anomalous one. There it was held that a deed much like
the patents under consideration conveyed the legal title
to the grantee who was therein designated "trustee,"
but that it might be shown in an action of ejectment in
a court of law by evidence outside the deed that the
grantee had taken the property in trust and that the court
would presume that the trustee had, as he should do, con-

veyed the property to his executive trust. There are insuperable objections to our applying the doctrine of that case to the case at bar. Neither John P. Sanborn nor Newell Avery are parties to this suit, and they clearly should be parties to any suit in which a court undertakes to declare that property standing in their names as individuals is held as trustees. To disregard this rule would subject defendants to a double liability for their alleged wrongful possession of the land in controversy. The claim that the title was held in trust is one which should be made in a court of equity. Under our practice, that is the proper tribunal in which to determine that question and it has authority to grant appropriate relief.

We conclude that plaintiff had no legal title to the land in controversy, and that defendants were entitled to recover.

The judgment should be affirmed.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.