THOMPSON *v*. BOWEN.

Opinion delivered October 12, 1908.

1. DEEDS—CONSTRUCTIVE NOTICE.—A certificate of entry issued to one person by the State prior to the issuance of a patent to another is not to be considered in the line of title of persons holding under the patent, so as to charge them with notice of outstanding equities under the certificate. (Page 492.)

2. SAME—DESCRIPTION OF PERSON AS NOTICE.—Where a patent to A recited that it was issued upon a certificate issued from the land department "in favor of A, widow of J," the employment of the words "widow of J" can only be regarded as descriptive of the person, and not as limiting the estate taken under the patent. (Page 493.)

Appeal from Mississippi Chancery Court, Chickasawba District; *Edward D. Robertson*, Chancellor; affirmed.

*D. F. Taylor* and *Edwards & Ledbetter*, for appellants.

1. Where a duplicate certificate of purchase is surrendered, and by mistake or inadvertence a patent is issued to the widow, she will be held a trustee for the heirs. 44 Ark. 452; 49 *id*. 87; 55 *id*. 286.

2. A purchaser is affected with notice of all facts appearing in the recitals contained in all instruments in his chain of title. 23 A. & E. Enc. Law (2 Ed.) 508; 50 Ark. 322; 22 Am. Dec. 762; 4 *id.* 457; 57 *id.* 631; 3 Ark. 18; 35 *id.* 100; 50 *id.* 322; 43 *id.* 464.

3. The recitals in the patent were sufficient to put a prudent man on inquiry. 50 Ark. 322; 55 N. W. 825.

*W. J. Driver,* for appellee.

1. The purchaser from a patentee has the right to rely upon the presumption that the patent was properly issued by the officers to the person thereto entitled. 76 Ark. 525; 120 Fed. 31; 84 Ark. 1.

2. Appellee was an innocent purchaser without notice. The recital in the patent that Ann Thompson was the widow of James H. Thompson did not put the purchaser on notice. This was merely descriptive of the person. 148 U. S. 31; 21 Howard, 493; 76 Ark. 525; 80 *id.* 391.

*D. F. Taylor* and *Edwards & Ledbetter,* in reply.

There is no exception to the rule in favor of a patent deed. 76 Ark. 525; 80 *id.* 391; 21 Howard 493; 148 U. S. 31 are not in point.

McCULLOCH, J. Appellants, as heirs at law of James H. Thompson, deceased, sue to recover a quarter section of land in Mississippi County.

In 1885 James H. Thompson purchased said tract of land, which was swamp and overflowed land, from the State of Arkansas, paid the purchase price, and received a certificate of entry. He died in 1861, leaving surviving his widow, Ann Thompson. and two children, who continued in possession of the land. In 1870 the State Land Commissioner, upon proof being made by affidavit filed in his office of the loss of said certificate, issued a duplicate certificate to the widow, Ann Thompson; and on February 23, 1870, the Governor of the State executed to Ann Thompson his deed on behalf of the State purporting to convey said land to her in fee simple. The deed contained a recital that "the Land Commissioner of the State of Arkansas did grant his certificate, dated the 12th day of February, 1870, and num-

bered 56, to and in favor of Ann Thompson, widow of James H. Thompson," for said land. It also recited that "Ann Thompson is entitled to a deed from the State of Arkansas for said lands," and purports to convey the same to "Ann Thompson and her heirs and assigns." The same language is employed in the habendum clause, and in no part of the deed is any reference made to the prior issuance of the certificate to James H. Thompson. This deed was duly recorded, and on January 2, 1900, said Ann Thompson, who had continued in possession of the land up to that time, sold and conveyed it to appellee, who paid a valuable consideration and claims to be innocent of any actual knowledge or information concerning the issuance of a certificate to James H. Thompson.

Appellants pray that the appellee be declared to be a trustee for them as equitable owners of the land, and that the same be decreed to them.

The preponderance of the testimony supports the finding of the chancellor that appellee had no actual knowledge of any infirmity in the title, and the only question of law presented for our consideration is whether or not he is chargeable with constructive notice of the purchase of the land by James H. Thompson and the issuance to the latter of the certificate of entry.

It is a well established principle of law that a purchaser of real estate must take notice of all prior recorded instruments in the line of his purchased title. Is a certificate of entry issued by the State prior to the issuance of a patent to another person to be considered in the line of title of persons holding under the patent so as to charge them with notice of outstanding equities under the certificate?

This court seems to have already answered this question in the negative. *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.* 84 Ark. 1. In that case, which involved this question, Mr. Justice RIDDICK, speaking for the court, said: "Chatfield held under a patent from the State, and those who purchased from him could, in the absence of actual notice, rest upon the presumption that the officers of the State had done their duty and issued the patent to the person entitled to receive it."

The same view is expressed by the Supreme Court of the

United States in *United States* v. *California & Oregon Land Co.,* 148 U. S. 31.

My attention is now directed to the fact that Mr. Justice BATTLE and myself are noted as dissenting in the case of *Osceola Land Co.* v. *Chicago Mill & Lbr. Co., supra.* This is an error. We both concurred in the result reached by the court in that case, but differed with the other judges, who held that the tax confirmation decree in favor of Boynton had the effect of transferring any equitable right or title which Rozell may have had. We thought that the decree did not have such effect, and that for this additional reason the decree of the chancellor was erroneous, and should be reversed. We should have been noted as concurring in the result, but not in the opinion, instead of dissenting.

But it is contended by counsel for appellants that, conceding that appellee was not chargeable with constructive notice of the prior certificate of entry issued to James H. Thompson and the equitable title which passed thereunder, the recitals of the patent to Ann Thompson were sufficient to put him upon actual notice of the prior certificate. The patent recites that it was issued upon a certificate issued from the land departments "in favor of Ann Thompson, widow of James H. Thompson." It is argued that this recital was sufficient to indicate that Ann Thompson took the title as widow of James H. Thompson and by virtue of her right, as widow, and that it was notice to appellee that Ann Thompson held the title in trust for the heirs of James H. Thompson. Appellee was, of course, chargeable with notice of all recitals in the conveyance in the chain of his title; but we do not think this recital was sufficient to indicate that the conveyance was to Ann Thompson as widow or by virtue of her rights as widow. The employment of the words "widow of James H. Thompson" can only be regarded as descriptive of the person, and not as limiting the estate taken under the patent. 13 Cyc. 625; *Jackson* v. *Roberts,* 95 Ky. 410; *Richardson* v. *McLemore,* 60 Miss. 315; *Barrett* v. *Cochran,* 11 S. C. 29; *Brown* v. *Combs,* 29 N. J. L. 36; *Hart* v. *Seymour,* 147 Ill. 598; *Kanenbly* v. *Volkenberg,* 75 N. Y. Supp. 8.

Decree affirmed.