## SIMS v. LOUGHRIDGE.

### Opinion delivered April 24, 1916.

1. JUSTICE'S COURTS—AMENDMENT OF JUDGMENTS.—A justice court may **amend its own records so as to make them speak the truth.**

2. APPEAL AND ERROR—BILL OF EXCEPTIONS—REVIEW.—The Supreme Court will not review for errors not apparent on the face of the record, in the absence of a motion for a new trial and a bill of exceptions.

3. JUSTICE'S COURTS—APPEAL FROM ORDER AMENDING RECORD.—Defendant is justice court may appeal from as order of the justice amending the record *nunc pro tunc.*

4. JUDGMENTS—PARTIES—JUSTICE COURT.—A judgment against certain parties in a justice court, as "deacons of the Presbyterian Church and the Presbyterian Church," will be held to be a judgment against the parties individually.

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*Allyn Smith,* for appellants; *Miles & Wade,* of counsel.

1. The original judgment was against the **Presby-**terian Church, the corrected judgment was against Lough-ridge *et al.* deacons and the Presbyterian Church. These words are merely *descriptio personae* and surplusage and the judgment was personal. 8 N. Y. 472; 17 Abb. Pr. 59; 140 Barb. 374; 11 How. Pr. 11; 22 *Id.* 372; 16 Ga. 192.

2. After the term the justice had no power to enter a new *judgment nunc pro tunc.* 87 Ark 438; 92 *Id.* 299; 93 *Id.* 234; 79 Ill. 515; 65 Ind. 27; 43 Mich. 376. The corrected judgment is a nullity.

McCULLOCH, C. J.  Appellants took an appeal to the circuit court of Baxter County from an order of a justice of the peace amending, *nunc pro tunc,* a former judgment of that court, and from an adverse judgment of the circuit court they have appealed to this court.  No bill of exceptions was filed, and there was no motion for new trial, so we are limited to a review for errors apparent on the face of the record.  It appears that the action in which the original judgment was rendered was one instituted by the appellee, Mrs. L. V. Loughridge, against W. C. Sims, L. Loughridge, J. W. Wooley, "deacons of the Presbyterian Church, and the Presbyterian Church." The form of the verdict of the jury was "we, the jury, find for the plaintiff in the sum of $142.25," and the former judgment rendered therein by the justice of the peace was in favor of the plaintiff, naming her, for the recovery of said sum of money "from the defendant, the Presbyterian Church."

The judgment was rendered on October 25, 1912, and the plaintiff in the original judgment commenced the present proceedings on August 7, 1915, before the justice of the peace, seeking to have the record of the judgment amended so as to recite that it was rendered against "the defendants, L. Loughridge, J. W. Wooley and W. C. Sims, deacons of the Presbyterian Church of Cotter, Arkansas, and the Presbyterian Church." The justice of the peace made an order amending the judgment according to the prayer of her petition, and the appellants here, who were the persons whose individual names were inserted in the judgment and who were duly notified of the presentation of the petition to amend the judgment, appealed to the circuit court. The record of the circuit court shows that the parties appeared by attorneys and that the proceeding was heard by the court, and that the appeal was dismissed on the ground that "the justice of the peace had authority to correct the original judgment, and further finding that proper service of summons had been upon defendants in the original cause." The defendants in the original proceeding, who are the appellants here,

had the right to appeal to the circuit court from the order amending the judgment, and it was improper to dismiss the appeal, but when the whole record entry is considered together it is manifest that the court heard the matter *de novo* upon its merits and made a finding in favor of the appellee that the original judgment of the justice should be affirmed. We will therefore treat the judgment of the circuit court as one affirming the judgment of the justice instead of dismissing the appeal, for it was evidently intended by the circuit court to have that effect.

We must presume, in the absence of a bill of exceptions and a motion for a new trial, that there was sufficient evidence to justify the finding of the circuit court, and the only question is, as before stated, whether or not there is any error on the face of the record in the judgment of the court finding that the justice court had the power to amend its own judgment. There is some conflict in the authorities as to whether the inherent power of courts to amend their own judgments so as to make them speak the truth applies to courts of justices of the peace, but that question has been put at rest by a former decision of this court in the case of *Gates* v. *Bennett*, 33 Ark. 475, where it was held that a justice of the peace has the power to amend his own records so as to make them speak the truth, and that his successor in office, to whom his docket, books and papers have passed, would have power to make such amendment on paper application and "notice to interested parties and proof of the error."

An examination of the pleadings in the suit in which the original judgment was rendered shows that it was against the parties named, not in any representative capacity but individually, as the words which followed their names were only descriptive of the persons and not of any particular capacity. *Lawrence County Bank* v. *Arndt*, 69 Ark. 406; *Thompson* v. *Bowen*, 87 Ark. 490. The designation in the pleadings of "the Presbyterian Church" amounted to nothing because it was not a sufficient description to designate an entity capable of being sued.

Therefore the verdict of the jury in favor of the plaintiff necessarily was against the defendants named individually, and the judgment of the court should have been against them. In other words, the amendment entering a judgment against the defendants W. C. Sims, L. Loughridge and J. W. Wooley was in accordance with the pleadings in the case and the verdict of the jury, and it was correct to amend it so as to show that fact.

The judgment is therefore affirmed. ·    .