## Tankersley v. Cornett et al.

(Decided March 8, 1929.)

WILSON & WILSON and D. G. BOLEYN for appellant.

W. A. STANFILL for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In the summer of 1923, Ford Tankersley brought suit against James Cornett on some notes aggregating $725 in principal amount and to foreclose a vendor's lien re-

tained to secure these notes in a deed to some property conveyed by him to Cornett. On August 30, 1923, judgment against James Cornett for the amount of these notes was awarded Ford Tankersley, and the property was ordered sold to satisfy the vendor's lien which secured the notes. Very shortly thereafter Ford Tankersley died, and his wife, Carrie Tankersley, the present appellant, was appointed his administratrix. So far as this record discloses, the suit brought by her husband was duly revived. In December, 1923, the property which had been ordered sold by the judgment was sold by the master commissioner, and the appellant bid it in. The sale was reported to the court in January, 1924, and, after exceptions filed thereto had been overruled, it was confirmed on February 2, 1924, and the commissioner was ordered to make a deed to "Carrie Tankersley, Administratrix," which he did. The deed was produced in court, approved by the judge, indorsed and ordered certified for record. However, before the appellant could obtain from James Cornett possession of the property, he, on February 11, 1924, superseded the judgment and appealed to this court. In due course of time that appeal was dismissed by this court. Thereupon the appellant brought this suit against Cornett and his surety on the supersedeas bond for the use and occupation of the property by James Cornett from the time of the execution of the supersedeas bond up to the dismissal of the appeal in this court, when, as we gathered, he surrendered the possession to the appellant. Cornett filed no answer. His surety by a separate answer did not deny the execution of the supersedeas bond, but only traversed the alleged possession of Cornett of the premises and the alleged value of the alleged use and occupation of the premises by Cornett.

On the trial, after establishing the rental value of the property and its use and occupation of the property by Cornett for the period in question, the appellant rested, and thereupon the court peremptorily instructed the jury to find for the appellee save as to a small amount of costs not here involved on the ground that rents for realty go to the heir and not to the administratrix. The court was in error in the position it took. The legal title to this property did not descend to the heirs of Ford Tankersley because of any ownership of it in him at the time of his death. The legal title to the property never passed out of Cornett until the deed thereto was made by the commissioner in February, 1924. The legal title to this

property was by that deed conveyed to Carrie Tankersley, administratrix, which vested in her the legal title to the property; the use of the term "administratrix" after her name being merely descriptio personae. While she may, under the rule laid down in Conrad v. Conrad, 152 Ky. 422, 153 S. W. 740, and like cases, hold this legal title in trust for the heirs at law of Ford Tankersley, yet it is plain that the legal title to the property is vested in her at least as such trustee, and that, holding such a title, she had the right to bring this suit for the use and occupation of the property by Cornett. In the case of Jackson v. Roberts, 95 Ky. 410, 25 S. W. 879, 15 Ky. Law Rep. 831, M. L. Roberts, as the administrator of W. L. Roberts, obtained a judgment against Louis Jackson for the sum of $85. He caused an execution to be issued on the judgment and had it levied on a certain piece of realty owned by Jackson. At the sheriff's sale, Roberts became the purchaser, and the sheriff executed a deed to the property in which "M. L. Roberts, administrator," was named the grantee. Thereupon Roberts made a motion for possession of the property. It was resisted on the ground that Roberts, being only the administrator, had no capacity to make the motion. In holding that he had, and that it was unnecessary to join the heirs as parties to the proceeding, we said:

> "Certainly the administrator has no right or interest in the real estate of the decedent, but this property was not part of real estate of the decedent. We think he had the right to purchase it as the plaintiff in the execution and representative of the estate. He could not make a profit by the purchase, but was the trustee or agent of the heirs or creditors of the estate. The note of Jackson came to his hands, and he was only doing his duty in attempting its collection. It makes no difference what form this asset took on. It was only a part of the estate in the hands of the administrator, and it may be treated as personalty until the duty of the administrator touching it was performed; and that duty was to collect and hold its proceeds for distribution among the heirs, or for the payment of debts. It is said, however, that there were no debts, and that the administrator had settled his accounts; but no order to that effect is produced, and certainly his functions concerning this debt and its ultimate collection and disposition

cannot be said to have terminated. Nor do we see in what respect it was error to allow the other heirs to be made parties. It was but the substitution of the real parties in interest, and of this the defendant in the execution cannot complain. His debt was paid by the sale of his land, and, it seems to us, his objections are purely technical. But, if technical rules are applied, he is in no better attitude. M. L. Roberts, administrator, was the purchaser, and to him the deed was made. He also gave the notice and made the motion. He is not said to be the administrator of W. L. Roberts, and the use of the term 'administrator' after his name in the sheriff's deed to him may be, and must in strictness be, considered as merely a description of the person. His motion for possession was sustained, and it is a matter of no consequence to the defendant that he allowed others to share with him the benefit of his purchase. Judgment affirmed.''

This Jackson case has been cited with approval in the cases of Thompson v. Bowen, 87 Ark. 490, 113 S. W. 26, and Sanborn v. Loud, 150 Mich. 154, 113 N. W. 309, 121 Am. St. Rep. 614. Its principles are conclusive of the question involved in this appeal. It therefore follows that the court erred in sustaining the motion for the peremptory instruction it did. The judgment is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.