## McCLURE *v.* REX OIL & GAS CO.

1. EQUITY—MOTION TO DISMISS.
    The inquiry on a motion to dismiss a bill of complaint, in so far as it is in the nature of a demurrer, is confined to charged infirmities which appear on the face of the bill.

2. SAME—MOTION TO DISMISS—ANSWERS.
    Allegations of a motion to dismiss a bill of complaint which raise questions dehors the bill must be treated as in the nature of an answer to which reply may be made (Court Rule No. 24 [1933]).

3. SAME—MOTION TO DISMISS ADMITS ALLEGATIONS OF BILL.
    On a motion to dismiss the court should regard the allegations in the bill of complaint as true and in the most favorable light to plaintiff.

4. SAME—MOTION TO DISMISS—ISSUE AS TO TITLE OF GRANTEE —TRUSTS—INCHOATE DOWER.
    In suit by alleged holder of inchoate dower right in oil-producing lands quitclaimed by husband since marriage, in which deed wife did not join, issue of whether term "trustee" appearing after husband's name in deeds by which he acquired title was *descriptio personae* or whether he actually held title as trustee could not fairly be decided and determination thereof could

---

Admissibility of parol evidence to show absence of a trust when property is transferred to a person as "trustee," see 1 Restatement, Trusts, § 38, comment c.

not rest upon evidence produced upon hearing of motion to dismiss and consisting of abstract of title, land contract, and affidavit of counsel for a defendant in another cause involving similarly claimed rights of plaintiff, such determination being better made after a trial on the merits.

5. SAME—MOTION TO DISMISS—ANSWER.
    Where a doubtful question is raised in a bill of complaint to which no answer is filed, the court should not, on a motion to dismiss, subject the bill to an overcritical or minute analysis, but should require the cause to be brought to issue and proof.

Appeal from Gladwin; Shaffer (John C.), J. Submitted January 14, 1941. (Docket No. 54, Calendar No. 41,317.) Decided April 8, 1941.

Bill by Grace S. McClure against Rex Oil & Gas Company, a Michigan corporation, for an accounting and injunctive relief. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*Alfred P. Pierson* (*Frank A. Rockwith,* of counsel), for plaintiff.

*Penny & Charter,* for defendant.

BUSHNELL, J. This is an appeal from a decree dismissing plaintiff's bill of complaint. Plaintiff Grace S. McClure is and has been the wife of Charles W. McClure since their marriage on January 2, 1906. Defendant Rex Oil & Gas Company is a Michigan corporation. On April 28, 1909, Adoniram J. Stevens was the owner of an undivided one-half interest in lands situated in the township of Buckeye, county of Gladwin, described as the west one-half of the northeast one-quarter of the northwest one-quarter (W ½ of NE ¼ of NW ¼) of section 11, township 18 north, range 1 west. Stevens and his wife on that date executed and delivered to Charles W. McClure, a resident of the city of Saginaw, Michigan, a quitclaim deed to this undivided

one-half of land. Plaintiff claims that she acquired an inchoate right of dower in the property by virtue of this deed.

On November 12, 1915, McClure executed a quit-claim deed of his interest in this land to McClure-Stevens Land Company, a Michigan corporation of Gladwin, Michigan. This deed was recorded on November 23, 1915. Plaintiff did not join in this deed and alleges in her bill of complaint that the same was executed without her knowledge and consent and that she has not "at any time by deed, release, or conveyance of any kind, or otherwise, released or relinquished her right of dower in said land."

The record of these deeds in the office of the register of deeds was incorporated in plaintiff's bill of complaint by reference.

Plaintiff alleges that defendant has drilled one or more oil wells on the land and has taken and disposed of oil in large quantities continuously since 1936 without accounting to her and without regard to her inchoate right of dower. She claims that approximately one-half of the oil deposit has been removed and disposed of and that the land is practically without value except for the oil located thereunder.

Plaintiff sought an accounting for the oil taken and that defendant be required to deposit with the clerk of the court a sum equal to one-sixth of the value of all oil taken, this sum to be impounded for the protection of plaintiff's inchoate right of dower. Plaintiff asked that defendant be restrained from taking any more oil or that it be required to continue to deposit one-sixth of the proceeds thereof with the clerk of the court as oil is taken.

Without filing an answer, defendant moved to dismiss plaintiff's bill of complaint, setting up 10

reasons why the court should grant its motion. These reasons may be summarized as follows: That plaintiff's husband, Charles W. McClure, took title to the land as trustee only; that he never had such title or interest in the premises to which dower could attach; that McClure is still living and that during his lifetime plaintiff has no right of action to preserve her inchoate right of dower in lands disposed of by McClure during coverture; and that an inchoate right of dower does not exist with respect to oil and gas.

At the hearing on the motion to dismiss, and over plaintiff's objections, the court received in evidence an abstract of title to the land, a certain land contract between A. J. Stevens & Company, and Staffeld Bros., and an affidavit by Theodore G. Bowler, attorney for Sun Oil Company, which is a defendant in a similar suit brought by this plaintiff.

The evidence thus received shows the following: The deed from Adoniram J. Stevens and wife to Charles W. McClure, given April 28, 1909, describes the grantee as ''Charles W. McClure, trustee of Saginaw, Saginaw county, Michigan.'' The habendum clause reads:

''to have and to hold the said above-described lands to the said parties of the second part, and to their heirs and assigns, to the sole and only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever.''

On June 24, 1909, A. J. Stevens & Company, of Gladwin, Michigan, a copartnership formerly composed of Adoniram J. Stevens and William C. McClure, father of Charles W. McClure, entered into a land contract for the sale of the land in question to Staffeld Brothers. William C. McClure died testate on April 24, 1904. A. J. Stevens was his sur-

viving partner. In February of 1912, A. J. Stevens, Charles W. McClure, and Clara B. McClure, a sister of Charles, formed a corporation known as McClure-Stevens Land Company. Its capital stock was issued to the incorporators as follows: Charles W. McClure, 399 shares; Clara B. McClure, 1 share; and Adoniram J. Stevens, 200 shares. The entire capital stock of the corporation was paid for in land, described in the articles of association, but the land involved in the present litigation does not appear as a part thereof. On February 28, 1912, the copartnership of A. J. Stevens & Company assigned all of its interest in the Staffeld land contract to McClure-Stevens Land Company, and on March 24, 1913, this corporation executed a warranty deed to Paul W. Staffeld and Reuben M. Staffeld to the land in controversy, which deed was signed by Charles W. McClure as president and Adoniram J. Stevens as secretary and treasurer. On November 12, 1915, McClure gave a quitclaim deed of this land to the corporation, describing himself therein as "Trustee, of Saginaw, Saginaw Co., Mich." Defendant claims oil and gas rights in this land by virtue of a lease from a successor in title to the Staffeld brothers.

Under the facts thus produced at the hearing on defendant's motion to dismiss, the trial judge held that the seizin of McClure was merely transitory; that he was but an instrument to effectuate the transfer from the corporation to the Staffelds; that there was no merger of legal and equitable titles in McClure, and that he was not seized of an estate of inheritance in the land to which dower would attach.

Plaintiff questions the propriety of the trial court's action in granting defendant's motion to dismiss and renews in this court her objections to the admissibility of the abstract of title, the land

contract, and the affidavit on the hearing of the motion.

The inquiry on this motion to dismiss, in so far as it is in the nature of a demurrer, is confined to charged infirmities which appear on the face of the bill of complaint. *Otto* v. *Village of Highland Park,* 204 Mich. 74. Those allegations of the motion which raise questions dehors the bill must be treated as in the nature of an answer to which reply may be made. Court Rule No. 24 (1933).

On a motion to dismiss "the court should regard the allegations in the bill of complaint as true and in the most favorable light to plaintiff." *Marble* v. *Butler,* 249 Mich. 276. Plaintiff alleged that a fee simple title became vested in her husband by the 1909 deed to him from Stevens and wife. There is nothing on the face of plaintiff's bill to indicate that her husband's interest was a bare legal title except the word "trustee" in each of the two deeds that were incorporated in the bill by reference.

The designation "Charles W. McClure, trustee," may be merely *descriptio personae.* *Sanborn* v. *Loud,* 150 Mich. 154 (121 Am. St. Rep. 614), *Pungs* v. *Hilgendorf,* 289 Mich. 46, and see 1 Bogert, Trusts and Trustees, § 45, and page 246. On the other hand, admissible testimony may show that McClure actually held title as trustee only.

The issue as to the existence of a trust is the crux of plaintiff's case. Such an issue cannot be fairly decided on a motion to dismiss, and determination of this issue cannot rest upon the type of evidence here submitted, viz., the abstract of title, land contract, and affidavit of counsel for a defendant in another cause involving similarly claimed rights of plaintiff. (*McClure* v. *Sun Oil Co., post,* 261, submitted at the same term as the instant case.)

Where a doubtful question of this nature is raised in a bill of complaint to which no answer is filed, the court should not, on a motion to dismiss, subject the bill to an overcritical or minute analysis, but should require the cause to be brought to issue and proof. Justice is better served by reserving determination of the existence of the trust until after a trial on the merits.

We confine decision to the propriety of determination of this issue on the motion to dismiss. The question whether plaintiff is entitled to relief must abide decision of whether she has an inchoate right of dower.

The decree entered below is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. Costs to appellant.

Sharpe, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.