## HENRY EHLERS AND CHARLES EGGERT v. GOTTFRIED STOECKLE.

*Hiding Property from Creditors—Right to Day in Court.*

An order finally disposing of one's property rights in a proceeding to which he is not a party, and in which he has no chance to be heard unless as a witness, is void.

Every man is entitled to his day in court before his rights can be finally disposed of; even the Legislature cannot divest him of this right.

The Michigan statutes (Comp. L., § 6518; Pub. L. 1875, Act 193, Sec. 5) contemplate the appointment of a receiver who may directly sue the persons supposed to be covering property for a judgment debtor.

Appeal from Mason. Submitted June 20. Decided Oct. 2.

PROCEEDING AT LAW IN THE NATURE OF A CREDITOR'S BILL. The facts are in the opinion.

*Isaac Gibson* for the proceeding. Fraud is inferable from a sudden assignment of property (*Smit v. People,* 15

Mich., 497) and from circumstances (*O'Donnell v. Segar*, 25 Mich., 367; *Wartemberg v. Spiegel*, 31 Mich., 400), and proof of fraud is sufficient if it creates belief. *Watkins v. Wallace*, 19 Mich., 77. The assignment or pretended sale of personal property, retained, used and controlled by the assignor, is fraudulent and void as to his creditors, even if there is a *bona fide* debt due from him to the assignee. *Twyne's Case*, 1 Smith's Lead. Cases, 33.

*C. G. Wing*, against the proceeding, cited Const., Art. VI., §§ 27 and 32; *Parsons v. Russell*, 11 Mich., 113; *Ames v. P. H. L. & B. Co.*, Id., 139; Cooley's Const. Lim., 356.

COOLEY, C. J. This was a proceeding at law in the nature of a creditor's bill, and was had before the circuit judge at chambers. The object was to reach certain property in the hands of George Stoeckle and August Tiederman which was supposed to belong to the judgment debtor, and to have been placed in their hands to keep it beyond the reach of creditors. The proceeding was instituted by a complaint by the judgment creditors, based upon which was an order by the circuit judge for the appearance of the defendant for examination. The examination took place, and Tiederman and George Stoeckle were sworn as witnesses. At the conclusion the circuit judge made an order which, omitting the preliminary recitals, is as follows: "It is considered, and the said judge finds from the evidence, that the said defendant has refused to surrender his property on demand of the sheriff, to satisfy the execution returned in said cause unsatisfied. And he also finds that the following property, goods and chattels are the property of Gottfried Stoeckle, defendant, and liable to execution issued in said cause, and that they are not the property, goods and chattels of either August Tiederman and George Stoeckle. Therefore, it is adjudged and ordered, that each, all and every one of said articles and goods and chattels aforesaid, to wit: one black horse, two sorrel horses, one two-horse bus, one double wagon, one sleigh, one buggy, one pair bob-

sleighs, one cutter, two double harnesses, one single harness, one saddle and two bridles, whether in the hands of said August Tiederman, George Stoeckle, or Gottfried Stoeckle, be and the same are liable to any execution issued now or to be issued upon the judgment rendered by the said circuit court in said entitled cause. And it is further ordered that the sheriff of said Mason county take said property upon such execution and sell the said property, goods and chattels, or so much thereof as may be necessary to satisfy the same upon and under said execution. And it is further ordered that the transfer of said property, or any part thereof, or any interference therewith, is hereby forbid; and it is further ordered that the said plaintiffs recover their costs in this proceeding by them expended together with twenty-five dollars attorney fee, to be taxed by the clerk of the circuit court of said county."

What is particularly noticeable in this order is, that it undertakes to dispose finally of the rights of Tiederman and George Stoeckle in a proceeding to which they were not parties, and where they had no opportunity to be heard except as witnesses, and in that capacity, of course, only as they were questioned. They have appealed from the order, but it was not necessary, because as to them it was void. Every man is entitled to his day in court before his rights can be finally disposed of, and even the legislature could not deprive him of the right. But in this case the legislature has not attempted it. On the contrary the statute contemplates the appointment of a receiver for such cases, and suits by him directly against the parties supposed to be covering property for the judgment debtor. Comp. L., § 6518; Public Laws 1875, p. 226.

The order must be quashed, and the appellants must recover the costs of this court.

The other Justices concurred.