## TOWNSEND *v.* KREIGH.

1. VENDOR AND PURCHASER — PURCHASE-MONEY MORTGAGE — ESTOPPEL.
    A grantee of land who has given back a purchase-money mortgage, and entered into possession under his deed, is estopped from disputing his grantor's title for the purpose of defeating the payment of the mortgage.

2. EJECTMENT—CODEFENDANTS — TITLE — COMMON SOURCE — JUDGMENT.
    3 Comp. Laws, § 10973, provides that if any of the defendants

in an action of ejectment, at the commencement of the suit, occupied or claimed distinct parcels in severalty or jointly, and other defendants possessed or claimed other parcels in severalty or jointly, all of which titles were derived from the same source, the jury shall state particularly in their verdict, if in favor of plaintiff, the description of the parcel claimed by each defendant, but, if the titles are from different sources, plaintiff shall elect against which he will proceed. T. conveyed certain land to M., taking back a mortgage. M. deeded one-half of the land to W., and W. sold one-half of his interest to K., who entered into possession without receiving a deed. Plaintiff purchased the land at foreclosure sale, and brought ejectment against M. and K. In the meantime K. had purchased certain alleged outstanding titles to the entire premises, and quitclaimed to M. the parcel occupied by him. *Held,* that the titles of defendants were derived from the same source, and a recovery might be had against both.

3. SAME—VERDICT.

But in such case the verdict should particularly describe the parcel claimed by each.

4. SAME—APPEAL—CORRECTION.

Where the verdict was defective in this respect, but the proofs were clear, and there was no dispute as to the descriptions, plaintiff was permitted to avoid a reversal by consenting to a correction.

Error to Mason; McAlvay, J. Submitted January 15, 1903 (docket No. 49); opinion filed, for reversal, May 12, 1903. Rehearing granted June 23, 1903; reargued October 23, 1903 (docket No. 68); former decision reversed November 9, 1903. Second application for rehearing denied February 16, 1904.

Ejectment by Gertrude Townsend against Joseph Kreigh, Eliza Kreigh, Jacob Mahler, and Ellen Mahler. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed conditionally.

*Fitch & Reek,* for appellants.

*M. B. Danaher* and *Morse & Locke,* for appellee.

CARPENTER, J.  This is an ejectment suit to recover possession of the northeast quarter of the southwest quarter of section 27, township 18 north, of range 16 west. Plaintiff obtained her title February 15, 1899, by purchasing at a statutory foreclosure of a purchase-money mortgage executed November 25, 1882, given by defendant Jacob Mahler to Larmon B. Townsend, plaintiff's husband.  On said 25th of November, 1882, said Larmon B. Townsend and Gertrude, his wife (plaintiff in this suit), conveyed the lands in suit by warranty deed to said defendant, Jacob Mahler.  Jacob Mahler at once took possession of the land, and conveyed the east half of the same to William Kreigh, the son of defendant Joseph Kreigh, who soon thereafter conveyed to his father one-half of his interest.  The son, William, after living on the property for about seven years, moved away, and subsequently died.  Defendant Mahler, with his wife, continued in occupancy of the west half, and defendant Kreigh and his wife of the east half, until the commencement of this suit.

To defeat this suit defendants undertook to prove that said Larmon B. Townsend did not own the land in question at the time he deeded the same to defendant Mahler; that, soon after defendants took possession, some Indians came to them, and claimed to own the land; that in 1888 they tried to borrow money upon this land, to pay off the mortgage under which plaintiff now claims title, but could not borrow the money, because the title was defective; that on the 17th of January, 1899, defendant Joseph Kreigh purchased said outstanding title, and thereafter conveyed the west half of the property in controversy to defendant Jacob Mahler.  It is to be noted that no claim is made, nor does the evidence prove, that the proceedings to foreclose the mortgage in question were not commenced within the time specified in 3 Comp. Laws, § 9725.  The trial court made a ruling which, in effect, excluded defendants' testimony, and then directed a verdict in plaintiff's favor.

The ruling excluding this testimony was clearly correct. Defendants, while in possession of this land under the deed from Larmon B. Townsend, were estopped from disputing his title for the purpose of escaping the payment of the agreed purchase price. *Robertson* v. *Pickrell*, 109 U. S., at page 615 (3 Sup. Ct. 407); *Peters* v. *Bowman*, 98 U. S. 56; *McConihe* v. *Fales*, 107 N. Y. 404 (14 N. E. 285). It follows that they are estopped from disputing their grantor's title for the purpose of defeating a purchase-money mortgage. This application of the principle of estoppel is most equitable. The title purchased by defendants was barred by the statute of limitations before their purchase was made. Defendants' possession, under the deed from plaintiff's husband, destroyed the title which they now assert. They acquired, therefore, no additional rights to possession by their purchase of said title. Their entire right to possession, then, comes from their deed from plaintiff's husband, unless, while holding under said deed, they have acquired a right adversely thereto. It would be useless to refute the proposition that a grantee, who has given back a purchase-money mortgage, holds adversely to his grantor and to said mortgage, merely because the title of his grantor is defective.

Inasmuch as the testimony in the case proved that the holding of defendants was not joint, but several, the court erred in directing a verdict, under the declaration, which charged a joint holding. See *Murphy* v. *Campau*, 33 Mich. 71. While this precise objection was not made in the court below, it can, nevertheless, under the authority of *Haldeman* v. *Berry*, 74 Mich., at page 436 (42 N. W. 57), be raised by assignment of error to the charge.

For the error pointed out, the judgment must be reversed.

The other Justices concurred.

### ON REHEARING.

HOOKER, C. J. The only question before us upon this hearing is whether the judgment rendered in ejectment

against two defendants holding different portions of the property in dispute, in severalty, can be sustained, under the statute (3 Comp. Laws, § 10973) which provides that:

"When the action is against several defendants, if it appear on the trial that any of them, at the commencement of the suit, occupied or claimed distinct parcels in severalty or jointly, and that other defendants possessed or claimed other parcels in severalty or jointly, all of which titles, possessions, or claims were derived from the same source, the jury in such case shall state particularly in their verdict the description of the parcel claimed by each of said defendants, when the said verdict shall be for the plaintiff; and in case the said several titles, claims, or possessions were derived from a different source, the plaintiff shall elect at the trial, and before the testimony shall be deemed closed, against which he will proceed, and a verdict shall be rendered for the defendants not proceeded against."

Larmon B. Townsend asserted ownership of the premises in fee, and on November 25, 1882, he and his wife, Gertrude Townsend, gave a warranty deed thereof to Jacob Mahler; taking a purchase-money mortgage from Mahler. On May 25, 1883, Mahler and wife deeded the east half of the premises to William Kreigh, subject to said mortgage. Gertrude Townsend, as the sole heir of Larmon B. Townsend, foreclosed the mortgage, and holds a sheriff's deed, dated February 15, 1899, to the entire premises, and brought ejectment against Joseph Kreigh and Jacob Mahler and their wives. We understand defendants' contention to be that the statute cited is not applicable to this cause, for the reason that the several defendants, Mahler and Kreigh, did not derive their titles from the same source.

Joseph Kreigh came into possession of his portion of the premises in 1883, under his son, William Kreigh, who was living upon the premises; Joseph having purchased half of the son's interest, though no deed passed. The son lived there about seven years thereafter, and then moved away, and has since died. Joseph and wife have lived

there ever since, claiming the land as theirs.    When an attempt was made to collect this mortgage, the defendants questioned the validity of the Townsend title, and asserted that the legal title was outstanding in some Indians, and Kreigh acquired deeds from some alleged Indian owners of interests in the property.   A finding of the probate court was made February 20, 1899, adjudging that of the real estate of one Kaw-bay-o-maw, deceased, the following were the lawful heirs, viz. :   Ka-kako-me, one-fourth; Shaw-wan-ne-be-quay, one-fourth; Mon-yan, one-eighth; Paw-com-co-mo-quay, one-eighth; George King, one-fourth.   Kaw-bay-o-maw purchased the land from the United States government. · Mon-yan, Ka-kako-me, and Shaw-wan-ne-be-quay deeded their interests to Godfroy in 1872.   Paw-com-co-mo-quay deeded to Houseman in 1886.   Other persons claiming to own one-fourth interest as heirs of Kaw-bay-o-maw deeded to Houseman in March, 1887.   All of the titles of Godfroy and Houseman were acquired by Townsend, who deeded to Mahler by warranty deed.   In January, 1899, Kreigh and Mahler set about getting some deeds of alleged Indian titles, and several deeds were taken in Joseph Kreigh's name, and subsequently Joseph Kreigh quitclaimed to Mahler all of his interest in the share held by him.   Thus it appears that each defendant shared in all Indian and other titles held by the other, except that Joseph Kreigh had no paper title representing the Townsend interest.    But, if Kreigh is to be believed, he had a right to a deed, and he was claiming under and asserting that title at all ·times, and never asserted another until January, 1899, when he acquired the Indian titles referred to.   In short, all of the titles held by Kreigh are identical in their origin with all held by Mahler, and therefore their titles came from the same source.

The judgment of the circuit court is affirmed.

The other Justices concurred.

ON SUBSEQUENT APPLICATION FOR REHEARING.

PER CURIAM.   In this cause it is brought to our atten-

tion that the verdict was defective for the reason that the jury failed to state particularly in the verdict the description of the parcel claimed by each of said defendants. This is true, but the proofs are clear, and the parties do not disagree upon such descriptions. The order heretofore made will be modified as follows:

The judgment is affirmed upon condition that plaintiff consent to a correction of the verdict and judgment in this regard; otherwise the case will be reversed, and a new trial ordered.