## TESKE *v.* TESKE.

TRUSTS—ACCOUNTING—ADMISSIONS.

In a suit by a mother against her son to set aside a deed to him and for an accounting by him for the proceeds of a sale of said premises, where defendant claimed to have purchased the land from his mother for $3,000, but admitted that he held the proceeds in trust for her, the decree of the court below for plaintiff for the amount of said claimed purchase price only will be modified and one entered in this court for the full amount received by him less his expenses and commission paid.

Appeal from Macomb; Lamb (Fred S.), J., presiding.   Submitted October 13, 1920.   (Docket No. 93.)   Decided December 21, 1920.

Bill by Caroline Teske against William Teske and others to set aside a deed and for an accounting. From the decree rendered, plaintiff appeals.   Modified and affirmed.

*William E. Henze,* for plaintiff.

*Lungerhausen, Weeks & Lungerhausen,* for defendants.

The bill in this case is filed to set aside a deed from plaintiff to her son, defendant William Teske, and for an accounting. Plaintiff herein, at the time of the transaction of which complaint is made, an old lady about 85 years of age, on May 6, 1919, made a warranty deed of her home (consisting of 9½ acres of land) to her son, defendant William Teske, for the nominal consideration of one dollar. The real consideration, as testified to by defendant Teske, was the sum of $3,000. No money was paid to plaintiff by defendant Teske at the time of the execution of the deed, nor at any time thereafter.

Eight days later (on May 14, 1919) plaintiff and defendant Teske executed an option to one C. R. Tromley, covering said property, the price named in said option being $5,000. This option was later exercised by defendants Tromley and Lyness, at which time they paid to defendant Teske the sum of $2,000 in cash and gave him two mortgages, one for $1,500 and one for $1,300, the difference between the sum of these amounts ($4,800) and the $5,000 mentioned in the option being the agreed commission upon the sale. With reference to the execution of the option, defendant Teske testified:

"I explained it to my mother in German and I says, if you want me to sell the place I says, you have got to be satisfied when this option is drawn and when they are ready to buy, we have to sell the place and she said, 'Yes.' She thought it was a big price and ought to let it go.

"*Q.* How much was the price?

"*A.* Five thousand dollars and two hundred dollars commission. * * *

"*Q.* What talk was had at that time?

"*A.* She said she thought it was a good big price, $5,000, and I ought to sell it and give him an option and I said, you are willing, and she said, 'Yes.'  You ought to sell it and I says, it depends all on you, that I would just as lief keep it and I says then go ahead. (Continuing:)

"Mother and myself signed the option at that time. She was satisfied to sell the land.  Nothing was said at that time as to what was to be done with my mother. This was some time in May.  I didn't hear from Mr. Lyness or Mr. Tromley again for a long time, one or two months.  I am not sure but I saw my mother once or twice between the time of making the option and signing the deed in August.  When I executed the deed, I received $2,000 cash and two mortgages, one for $1,500 and one for $1,300, which mortgages have been recorded and still are in my name.  *  *  *

"*Q.* Why have you not paid any money to your mother on account of her support under this arrangement?

"*A.* She never asked me for any.   (Continuing:)

"I have made no effort in that respect.  She never asked for any, and if she wanted some, she could get it.  I had no reason to go and see if she needed anything when they ordered me out.  I am willing to spend the money and mortgages on the old lady for her benefit for the rest of her life, for her board and funeral expenses and doctor bills, clothes and whatever she needs.

"*Q.* What, if anything, was said at that meeting as to what should be done with any of the funds left over after your mother's death, if there was any left then?

"*A.* That is a hard thing to say; the fellow that had trouble he ought to have what was left.

"*Q.* Was anything said about that?

"*A.* No, sir.

"*Q.* Was anything said about any amount that would be short in case your mother used up all the $4,800?

"*A.* No, nothing said.

"*Q.* It is your claim that you hold it as a trust fund for the benefit of your mother.

"*A.* Yes, sir."

This evidence was elicited from defendant Teske by his own counsel.

Plaintiff, upon the stand, after a long examination finally said:

"I was satisfied to take $5,000 and give the man $200 for his trouble."

The learned circuit judge before whom the case was heard entered a decree holding the deed to be valid and that the true consideration therefor was $3,000, which sum was, upon the entry of the decree, paid into court by defendant Teske. The decree also ordered that said sum be paid to the plaintiff upon her filing a proper receipt therefor. The bill was dismissed as to the remaining defendants who were apparently held to be innocent purchasers without notice.

Plaintiff has appealed solely for the purpose of compelling defendant Teske to account for the $1,800 retained by him and the $200 allowed by him as commission, it being admitted by her counsel that the other defendants were *bona fide* purchasers and that the decree was properly dismissed as to them.

BROOKE, J. (*after stating the facts*). After a careful perusal of the evidence contained in this record and in particular consideration of the testimony of defendant Teske relative to what passed at the time the option was given to Tromley, we have reached the conclusion that the learned circuit judge was in error in holding that the true consideration was but $3,000. It is, we think, quite evident that defendant Teske intended to act in the transaction for the benefit of his mother, and if he considered the transaction when he secured the deed for one dollar as a valid one, conveying title to himself, it is not apparent why he should have secured his mother's signature to the option 8 days later. As he now admits in his testimony that he considers himself the trustee for the mortgages as

well as the cash, we can see no reason why the decree should not compel him to account for that portion of the consideration now retained by him. He should be allowed the $200 paid as commission and such other legitimate expenses as he has incurred in the transaction. A decree will be entered in this court, charging him with $4,800, less such expenses, upon the amount of which counsel can no doubt agree at the time of the settlement of the decree.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.