WEXLER v. POE.

SAME v. BOETTCHER.

SAME v. FITCH.

1. VENDOR AND PURCHASER—CONTRACT TO FURNISH ABSTRACTS
SHOWING MERCHANTABLE TITLE REQUIRES MERCHANTABILITY TO
APPEAR ON FACE.

Where vendors in land contracts agreed to furnish abstracts
showing merchantable titles, the merchantability of the titles
must appear on the face of the abstracts, and a defect appear-
ing therein showing a one-seventh interest outstanding is not
cured by the inference that there might have been a mistake
explainable by extrinsic evidence.

2. SAME—VENDEES NOT IN DEFAULT IN NOT SIGNING FORMAL CON-
TRACT UNTIL DEFECTS IN TITLE CURED.

Where, in optional agreements for the purchase of land, the
vendors agreed to convey merchantable titles, and formal con-
tracts were to be executed on or before a certain date, but if
defects in title were found additional time was to be allowed
the vendors to cure same, the vendees and their assignees, on
discovering defects which the vendors made no effort to cure,
were not in default because they refused to sign formal con-
tracts until said defects were cured.

3. SAME—VENDORS NOT PERFECTING TITLE IN DEFAULT.

Vendors in land contracts, who made no effort to cure defects
in title disclosed by the abstracts, as required by the agree-
ment, were in default.

4. SAME—VENDOR IN DEFAULT MAY NOT FORFEIT CONTRACT.

A vendor in default, who is not in condition to perform on his
part, may not forfeit the contract for nonpayment by the
vendee.

5. CONTRACTS—CONTRACT BY ATTORNEY MUTUAL WHETHER PRIN-
CIPAL IN BEING OR NOT.

A contract for the purchase of land by attorney is mutual
whether the principal is in being or not, since if not in being
the attorney is the principal, and if in being, assignment by the
attorney conveyed the title.

On duty of vendor as to abstract of title, see annotation in 43 L.
R. A. (N. S.) 44.

6. SPECIFIC PERFORMANCE—LAND CONTRACTS—INCREASE IN VALUE
OF LAND NOT GROUND FOR REFUSING SPECIFIC PERFORMANCE.
    Increase in value of property after execution of a contract of
    purchase is not of itself ground for refusing specific per-
    formance.

Appeal from Wayne; Reid (Neil E.), J., presid-
ing. Submitted October 9, 1928. (Docket Nos. 113–
115, Calendar Nos. 34,032–34,034.) Decided Jan-
uary 7, 1929.

Separate bills by Jacob Wexler and another
against Nellie Poe, Elizabeth Boettcher, and Mary
U. Fitch and another for specific performance of
land contracts. The cases were consolidated and
tried as one. From a decree dismissing the bills,
plaintiffs appeal. Reversed, and decrees entered
for plaintiffs.

*Joseph B. Beckenstein* (*John Sklar*, of counsel),
for plaintiffs.

*Frederick A. Schopp,* for defendants.

FEAD, J. These are consolidated actions for spe-
cific performance of separate contracts of sale of
real estate, the issues being identical. Plaintiffs
were denied the relief in the circuit court.

Defendants apparently are not entirely accus-
tomed to business transactions and acted through a
real estate broker, Mr. Dille, and an attorney, Mr.
Lee; Mr. Hall, an attorney, also represented them in
some of the matters. The purchaser was M.
Schwartz, but he never appeared during the nego-
tiations, and, if there was such a person, his name
was signed to the contract by H. W. Wienner, an
attorney, who acted and conducted all the transac-
tions for him.

The contracts, called "purchase proposition," dated June 3, 1926, declared that Schwartz agreed to purchase and the respective defendants agreed to sell the described property. The sum of $250 was paid to each defendant, and the agreements provided for execution of formal Union Trust Company form of land contracts, upon which additional down payments of $4,500 were to be made. The provisions of interest here are:

"Seller agrees to grant and convey to buyer a merchantable title to above property, subject to the hereinafter mentioned incumbrances and to such restrictions as may be of record. However, the above premises are not restricted against the erection of apartment houses; and further agrees to deliver within five days from date of acceptance hereof a complete Burton, Wayne county, or Union Trust Company abstract, to buyer, certified to date hereof, showing such title. If, upon examination of said abstract, title is found to be not merchantable, reasonable additional time should be granted seller to make same merchantable.

"This transaction to be closed at the office of Security Trust Company, Inc., on or before June 18, 1926. Possession is to be given on or before date of closing, subject to thirty-day tenancy from July 1st, 1926, at seventy-five ($75) dollars per month."

Dille delivered the abstracts to Wienner in a few days. Before June 18th, Wienner took exception to certain entries and notified Dille. On June 22d, he put his objections in writing and added to them July 21st. On June 18th, defendants appeared at the appointed place with contracts ready to close the deal. Neither Wienner nor Schwartz appeared. Negotiations continued between Dille and Wienner concerning the title, of which defendants were informed. Defendants did not take the objections to

the title seriously, but did not give Wienner notice of such claim. On July 23d, Dille wrote Wienner, offering to declare the deal at an end and return the deposit or to have the contracts executed, and, with the agreed payments, left in escrow pending bill to quiet title, the money to be returned to Wienner if title could not be cleared. On September 15th, Wienner, claiming interest in himself under assignment from Schwartz, made a proposition to pay an additional $400 on each contract and to pay the balance of the first contract payment within six months, but not later than the quieting of title. These propositions were not acceptable to the other parties, and on November 12th, on advice of Mr. Lee, defendants served on Wienner written notices of forfeiture of the agreements of June 3d, for failure to perform. Shortly thereafter, plaintiffs became interested in the property, dealing with Dille and Lee. On December 3d, they took assignment from Wienner of his interest. In the course of negotiations with plaintiffs, Lee drafted a tentative agreement on December 3d, to the effect that contracts should be entered into according to the provisions of the agreements of June 3d, and requiring plaintiffs to acquire Wienner's interest. No mention of title was made in this writing. On December 22d, Lee drafted another instrument to similar effect but requiring plaintiffs to accept the title as it was. Plaintiffs verbally agreed to these terms. The writing also provided that the deal should be closed on or before January 30, 1927. Neither of these tentative agreements was executed by any of the defendants. The matter dragged, plaintiffs urging action, until about January 17th, when a rumor became current that a large office building was to be erected in the vicinity, Lee declared the deal at an end, plaintiffs tendered

the down payment to one defendant and attempted to find the others to make tender but were unsuccessful. Plaintiffs then began this suit.

Counsel for defendants brushes aside Wienner's claims of defects in the abstract title with the assertion that they are groundless, but without demonstration of his assertion. Only one claimed defect need be mentioned. The abstracts show that Gottlieb Beck, then owner of the premises, died August 5, 1855, leaving a life estate to his widow and remainder to his surviving children. Seven children seem to be named in the abstracts, one of whom has not conveyed her interest nor been accounted for. In a subsequent deed, five children conveyed to the sixth, each assuming to convey an undivided one-sixth. Defendants' titles came through the Beck heirs. Upon the abstracts there appears to be an undivided one-seventh interest in the property outstanding in Marie Beck. While the item is rather ancient, may be due to a mistake in naming the children, and the probability of its ready cure might be reasonably inferred or be demonstrated by extrinsic evidence, the contracts required the merchantability of title to appear upon the face of the abstracts, and such inference or extrinsic evidence would not cure the defect. *Ogooshevitz* v. *Arnold,* 197 Mich. 203; *Geithman* v. *Eichler,* 265 Ill. 579 (107 N. E. 180).

Defendants contend that under the "purchase proposition," execution of the formal land contracts with down payments was required to be made on June 18th, and that defects in the abstract title were to be thereafter corrected. Counsel have cited numerous cases but none in point, as all of them rest upon the language of the respective contracts. The obvious purpose of requiring abstract title in advance of execution of a formal contract was to as-

sure the purchaser, before he should be required to pay large sums on the property, that the vendor had title and the contract would be effective. In this connection, see *Waller* v. *Lieberman,* 214 Mich. 428, and *Northern Wyoming Land Co.* v. *Butler,* 252 Fed. 971. If no time to remedy defects had been granted vendors, the purchaser would have had a right to withdraw from the agreements and have return of the preliminary payments on failure of vendors to furnish abstracts showing merchantable title before or at the time for execution of the formal contracts. The extension of time for perfecting the abstracts was for the benefit of defendants, to hold the purchaser to the agreement for a reasonable time in order that defendants might cure the defects. The language of the instruments is so plain as to scarcely need construction. It did not require the purchaser to execute the formal contracts until title had been made merchantable on the abstracts.

Plaintiffs and their assignors were, therefore, not in default. The defendants made no effort to cure the title. Not having perfected it upon the abstracts, they were in default. A vendor in default, who is not in condition to perform on his part, cannot forfeit the contract for nonpayment by the vendee. *Getty* v. *Peters,* 82 Mich. 661 (10 L. R. A. 465); *Bartlett* v. *Smith,* 146 Mich. 188 (117 Am. St. Rep. 625). The declarations of forfeiture of November 12th were not operative.

Defendants also contend that there was no mutuality of obligation in the "purchase proposition" because Schwartz had no existence. The testimony leaves a grave question as to his existence, but does not demonstrate that he was not real. If he was not in being, Wienner was the principal. If he was in being, Schwartz's title came to Wienner and through

him to plaintiffs. In either event, the contract was mutual.

Increase in value of property after execution of a contract of purchase is not of itself ground for refusing specific performance. *Baller* v. *Spivack*, 213 Mich. 436.

The plaintiffs are entitled to decrees of specific performance, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.