### JORDAN v. MORONY.

1. Vendor and Purchaser—Defective Title—Remedy of Vendee.
    If vendors' title to land sold on contract was defective, it was duty of vendee and those holding under him to surrender possession and bring suit for any damages sustained because of breach of contract, but they may not hold possession and refuse to make payment.

2. Same—Default—Foreclosure.
    Vendors in original contract are entitled to foreclosure of contract as against vendees in subcontract who are in possession and refuse to make payment because of claimed defective title in vendors.

3. Same—Foreclosure Decree Modified—Equity.
    Where, in suit for foreclosure by vendors in original contract against vendees in subcontract, it appears that vendees in possession refuse to make payment because of claimed defective title in vendors, decree in favor of plaintiffs is modified, on appeal, in effort to do equity, by allowing vendees to pay amount owing under original contract and receive such title as vendors possess.

Estoppel of purchaser in possession to question grantor's title, see annotation in 21 L. R. A. (N. S.) 339.

Taking or remaining in possession under executory contract for the purchase of land as waiver of right to complain of defects in or failure of vendor's title, see annotation in 34 A. L. R. 1321.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 15, 1930. (Docket No. 49, Calendar No. 34,881.) Decided June 2, 1930.

Bill by William F. Jordan and others against Louis R. Morony, administrator of the estate of Dennis Morony, deceased, Simeon DeBarr, and others, for foreclosure of a land contract. Cross-bill by defendants DeBarr for specific performance. From a decree for plaintiffs, defendants DeBarr appeal. Modified and affirmed.

*Joseph H. Dunnebacke* (*Byron P. Hicks,* of counsel), for plaintiffs.

*Selden S. Miner* and *Leon F. Miner* (*Milton G. Schancupp,* of counsel), for defendants DeBarr.

NORTH, J. The plaintiffs in this case are the children of Patrick Jordan who died in 1919. At his death they became the owners of 190 acres of farm lands in Shiawassee county. This property was composed of three parcels consisting of 105 acres, 45 acres, and 40 acres. On January 21, 1925, the executor of the Jordan estate, whose authority so to do is not questioned, entered into a contract to sell these lands to Dennis Morony for $10,000, payable March 1, 1925. Morony, on January 31, 1925, sold the two parcels containing 150 acres to the defendant Simeon DeBarr, the down payment being $5,100. The purchaser went into possession March 1, 1925. Later Morony sold on a land contract the remaining 40 acres to Charles DeBarr, son of Simeon DeBarr. The purchaser went into possession of this parcel August 31, 1926. These vendees have continued in possession of the respective parcels since the dates above noted. The bill

of complaint herein was filed May 1, 1928; and to that date Morony had paid only $800 on the original contract. He died prior to the filing of this bill. The suit was brought against Louis R. Morony as the administrator of the estate of Dennis Morony and the other defendants to enforce the payment of the contract price by said administrator, and in default thereof to have the contract foreclosed and possession restored to plaintiffs. The relief sought is not contested by the administrator of the Dennis Morony estate; and the only defense urged by the other defendants is that plaintiffs could not furnish a merchantable title as provided in the contract in which Morony was the vendee. On this ground the defendants DeBarr assert that plaintiffs should be denied relief. After having heard the case in open court, the circuit judge entered a decree granting the relief sought. The defendants DeBarr have appealed.

The question presented was covered by the finding filed by the circuit judge, as follows:

"The court is of the opinion, however, that such a defense cannot be made because those who make it are in possession of these premises and have been for several years since the date of the Morony contract. If the title was defective and not perfected it was the duty of Morony and those holding under him to surrender possession of the premises and bring suit for any damage sustained because of breach of contract against those liable for the same. The contract purchasers here cannot forever withhold from the plaintiffs their land and enjoy the possession and profits thereof and pay nothing on their contract because they claim the plaintiffs cannot furnish to them a merchantable title."

The foregoing conclusion of the circuit judge is abundantly supported by the authorities, and is con-

trolling in the instant case. 39 Cyc. p. 1614; 27 R.
C. L. pp. 543, 544, 546; *McIndoe* v. *Morman,* 26 Wis.
588 (7 Am. Rep. 96); *Sheehan* v. *McKinstry,* 105
Ore. 473 (210 Pac. 167, 34 A. L. R. 1315); *Lasley* v.
*Pendleton,* 109 Kan. 466, 473 (200 Pac. 274); *Curran* v. *Banks,* 123 Mich. 594; *Ferris* v. *Poucher,* 152
Mich. 251, 254; and *Townsend* v. *Kreigh,* 133 Mich.
243. It may be further noted that there is no privity
of contract between the defendants DeBarr and the
plaintiffs in this case. The former are not assignees
of the contract in which Dennis Morony was the
vendee. Whatever rights the DeBarrs have arise
solely from separate subcontracts in which Dennis
Morony was the vendor. Whatever consideration
the DeBarrs have paid passed to Morony and not
to the plaintiffs in this case. If anybody has rights
enforceable under the contract by which plaintiffs
are bound, it is the estate of Dennis Morony, deceased, which estate is not contesting the right of
plaintiffs to the relief sought. The plaintiffs are
not seeking to enforce payment of the contract price
against the defendants DeBarr. Instead, plaintiffs
are only asking that the unlawful possession of the
DeBarrs be terminated, and as to plaintiffs being
entitled to this relief, there can be no question under
the record in this case.

While the defendants DeBarr are not entitled to
it as a matter of right, in an effort to do equity, a
provision might well have been embodied in the
decree giving them the right to protect whatever investment they have already made in this property,
by paying to plaintiffs within a time specified the
amount due to them under the original Morony contract. The circuit judge found this amount to be
$13,133.93 as of May 21, 1929. A decree may be
taken in this court affirming the decree of the lower

court except at the option of the defendants DeBarr the decree may be modified by a provision granting to these defendants the right to redeem from the default under the Morony contract within 30 days after filing this opinion by paying or tendering to plaintiffs taxable costs and $13,133.93 with interest at the rate of six per cent. per annum from May 21, 1929, together with any additional sums paid by or in behalf of plaintiffs in the interim for taxes, insurance, etc., with interest thereon. Upon such payment, plaintiffs shall convey to the defendants DeBarr such title to the respective parcels of land as the plaintiffs possess, but they will not be required to further perfect title to the property. With the modification noted, the decree entered below is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.