PUNGS *v.* HILGENDORF.

1. TRUSTS—TESTAMENTARY TRUSTEE—STATUTES—BELATED FILING OF BOND.

> Failure of testamentary trustee to give bond required by statute within time prescribed thereby *held,* an immaterial objection by defendant in suit by such trustee to foreclose land contract in equity, where such bond was given a year and a half later and accepted and approved by the probate court, such belated action having the effect of reappointment of the trustee and the bond being for the protection of the beneficiaries under the will (3 Comp. Laws 1929, §§ 15865, 15870).

2. DEEDS—DESCRIPTION OF GRANTEE AS TRUSTEE—HABENDUM CLAUSE —TITLE HELD INDIVIDUALLY.

> Title to property, conveyed by deed describing grantee as trustee but in the habendum clause of which, conveyance was to him "and to his heirs and assigns forever," did not vest in him as trustee but rather as an individual.

3. TRUSTS—CONVEYANCE OF TITLE HELD INDIVIDUALLY TO SELF AS TRUSTEE—JURISDICTION OF EQUITY.

Testamentary trustee seeking to foreclose a land contract in equity, having submitted himself to the jurisdiction of such court, can be ordered to convey to himself as trustee such portion of the title which he acquired individually from other testamentary devisees for benefit of his beneficiaries.

4. DOWER—VENDOR'S INTEREST IN LAND CONTRACT—FORECLOSURE OF CONTRACT IN EQUITY.

The vendor's interest in land which was subject to an outstanding land contract when it was conveyed to testamentary trustee individually by some devisees for benefit of other devisees was not an interest in land in which his wife would have an inchoate dower right but to satisfy holder of vendee's interest which testamentary trustee sought to foreclose in equity, trustee could obtain a quitclaim deed from his wife or trial court could direct that she be joined as defendant and have her rights determined.

5. VENDOR AND PURCHASER—DEFECTIVE TITLE—EVIDENCE—POSSESSION—FORECLOSURE.

Alleged defect in title, consisting of reservation of a pathway five feet wide along a channel bank to deceased vendor and her husband but as to which record is insufficient to permit determination of the extent and effect in suit in equity by testamentary trustee *held*, no bar to foreclosure of land contract against one in possession.

6. SAME—EQUITY—FORECLOSURE—JURISDICTION TO DETERMINE RELATED ISSUES.

A foreclosure of a land contract in equity is controlled by equitable principles and, although several issues may be involved in the foreclosure proceedings, if related, equity may determine each of them.

7. SAME—ESTOPPEL TO DENY TITLE—POSSESSION.

One who occupies land under another's title is estopped to deny that title without having first surrendered possession.

8. SAME—FORECLOSURE IN EQUITY—RELIEF TO VENDEE.

In suit to foreclose land contract in equity where holder of vendee's interest requests equitable relief in a manner consistent with good conscience, he should be given the opportunity to obtain such relief.

9. SAME—FORECLOSURE IN EQUITY—DEFECTIVE TITLE—DEFICIENCY.

In foreclosure of land contract in equity which was resisted on ground that vendor's title was defective, trial court correctly acted within its discretion in ordering a foreclosure sale without permitting a deficiency decree.

10. SAME—FORECLOSURE IN EQUITY—DEFECTIVE TITLE—ADJUSTMENT OF AMOUNT TO REDEEM.

In order to adjudicate all of the equities between the parties where a decree of foreclosure sale includes a right of redemption, the court may, upon the application of the vendee, adjust the redemption amount if the vendor cannot convey the kind of title required by the land contract.

11. SAME—FORECLOSURE IN EQUITY—ADJUSTMENT OF AMOUNT TO REDEEM—DISCRETION OF COURT.

Discretion exercised in adjusting amount to redeem from sale under decree of foreclosure of land contract in equity is not materially different from that exercised in denying a deficiency decree or in determining an action for specific performance or for cancellation of a land contract.

12. SAME—FORECLOSURE IN EQUITY—ADJUSTMENT OF AMOUNT TO REDEEM.

Vendor, foreclosing land contract in equity, who cannot perform according to the covenants of his agreement, may not complain that court adjusts amount to redeem because a party seeking equity must do equity.

13. EQUITY—SETTLEMENT OF ALL DISPUTED QUESTIONS.

The traditional aim of a court of equity is to settle all disputed questions in one action.

14. VENDOR AND PURCHASER—FORECLOSURE IN EQUITY—DEFECTIVE TITLE—ADJUSTMENT OF AMOUNT TO REDEEM.

In suit to foreclose land contract in which holder of vendee's interest sought relief under crossbill because of alleged defects in vendor's title, court should have considered such prayer for relief and if defects are found to exist and are of a nature that can be compensated for by an adjustment of contract price, that adjustment should be made in the amount to redeem.

WIEST and POTTER, JJ., dissenting in part.

Appeal from St. Clair; Robertson (William), J. Submitted January 3, 1939. (Docket No. 7, Calendar No. 40,187.) Decided June 5, 1939.

Bill by Sydney C. Pungs, trustee under the will of Mary Witherspoon, deceased, for Dorothy and Howard Witherspoon against Philip J. Hilgendorf, sole heir of John and Mary Hilgendorf, for an accounting and foreclosure of a land contract. Cross-bill by defendant against plaintiff for determination of rights under land contract and other relief. Decree for plaintiff. Defendant appeals. Reversed and remanded for further proceedings.

*Ira F. Morgan,* for defendant.

BUSHNELL, J. On August 13, 1921, Mary Witherspoon entered into a land contract by which she agreed to convey certain lands in the county of St. Clair to John and Mary Hilgendorf. Mrs. Witherspoon and the Hilgendorfs have all died since the date of the contract. On June 10, 1929, the probate court assigned the residue of the estate of Mary Witherspoon, deceased, in accordance with her will, as follows: A one-fourth share to each of her children, i. e., Isabelle M. Baxter, Grace N. Pungs, and Howard C. Witherspoon, a one-eighth share to her son, William H. Witherspoon, and the remaining one-eighth part to plaintiff Pungs as testamentary trustee for the benefit of Dorothy May Witherspoon and Howard Witherspoon, her grandchildren. This order also fixed the penal sum of Pungs' bond at $6,000. On November 25, 1930, Pungs as trustee was authorized by the probate court to deed the property in question to the contract purchaser upon receipt of the amount remaining due under the contract. Howard C. Witherspoon and wife, William H.

Witherspoon, Jr., and wife, Grace N. Pungs, and Isabelle M. Baxter, prior to the entry of the order assigning the residue and on June 7, 1929, conveyed their interest in the property in question to Pungs as trustee for Dorothy and Howard Witherspoon, minors. This deed was recorded on October 16, 1930, but the statutory bond required of Pungs as testamentary trustee was not filed, examined and approved until December 29, 1930.

The record does not contain any information as to the probating of the estates of the land contract vendees but it is admitted that Mary Hilgendorf predeceased her husband and that, on the death of John Hilgendorf, his estate was probated in Wayne county and no claim was filed therein with respect to the balance due upon the land contract in question. Defendant, Philip J. Hilgendorf, is the sole heir at law of the vendees.

On December 17, 1936, trustee Pungs filed a bill in which he sought an accounting as to the balance due upon the contract and, in default of payment thereof, a foreclosure in equity, with a sale of the premises and a decree for any deficiency remaining unsatisfied after such sale. To this defendant, Hilgendorf, made answer denying that he had assumed the obligations of the contract but admitting that he was in possession of the property under an order of the probate court for Wayne county. He asserted there had been no default in carrying out the obligations of the vendees and that plaintiff was not in a position to comply with the covenants of the contract because, for six years, there had been a continuous failure on Pungs' part to comply with defendant's demand for the delivery of a good and marketable title. The decree from which defendant appeals shows that the trial court found that he was in default and that there was due plaintiff on the land

contract $4,784.67, of which $2,830.36 was principal and $1,954.31 was interest from September 15, 1930 to April 7, 1938.   The court ordered this entire amount paid within five days, together with plaintiff's taxable costs, and, in default thereof, that the property be sold, but that no decree for deficiency should be entered.   The decree permitted defendant to redeem within six months from the date of the foreclosure sale.

Appellant questions plaintiff's right as testamentary trustee to file a bill of complaint for the foreclosure of the land contract, citing the following statutes, *Gibney* v. *Allen,* 156 Mich. 301, and other authorities.

3 Comp. Laws 1929, § 15865 (Stat. Ann. § 27.3044) reads in part:

"Every testamentary trustee before he enters upon his duties as trustee, shall give bond, with sufficient sureties, in such sum as the probate court for the county in which the will is proved or allowed may order, payable to the judge of said court and his successors, with conditions substantially as follows."

3 Comp. Laws 1929, § 15870 (Stat. Ann. § 27.3049) provides:

"Every trustee who neglects to give bond in accordance with law, within thirty days after the probate court shall fix the penal sum of said bond, shall be considered to have declined or resigned the trust."

*Gibney* v. *Allen, supra,* is distinguishable on the facts.   In that case the trustee—"ignored the order of the court relative to the bond required, and filed a bond of less than half the penal sum which was never approved."   Other authorities cited are not in point.

Pungs' failure to give his bond to the probate court within the time prescribed by statute, in the light of subsequent events, is of little consequence.   Although

failure to give a bond amounts to a declination or resignation of a testamentary trustee, Pungs' belated action in this respect, and the probate court's acceptance and approval of the bond, had the effect of a reappointment of Pungs as trustee. See *In re Erdman's Estate,* 179 Mich. 567. The only complaint made is by defendant who succeeded to the rights of the original land contract purchasers. The trustee's bond is for the protection of the beneficiaries under the will and they are apparently satisfied. Under the circumstances, the objections raised by this defendant should not be considered.

All of the testamentary devisees, excepting the minor grandchildren, conveyed their respective interests in the property to Pungs by the warranty deed hereinbefore mentioned. This deed reads in part:

"To have and to hold the said premises, as herein described, with the appurtenances, unto the said party of the second part, and to his heirs and assigns forever, and the said above mentioned parties of the first part, for themselves, their heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seized of the above granted premises in fee simple; that they are free from all incumbrances whatever and that they will, and their heirs, executors, administrators shall, warrant and defend the same against all lawful claims whatsoever."

The deed described Pungs as a trustee, but the interest in the property held by the grantors was conveyed to Pungs and to his heirs and assigns forever. The title thus conveyed did not vest in Pungs as trustee. The words "Sydney C. Pungs, trustee," etc., are merely *descriptio personæ* and the title was

conveyed to Pungs individually. *Sanborn* v. *Loud,* 150 Mich. 154 (121 Am. St. Rep. 614).

Pungs, having submitted himself to the jurisdiction of a court of equity, can be ordered to convey to himself as trustee the title which he acquired from the testamentary devisees.

Defendant says there is an outstanding inchoate dower interest in the wife of Pungs, but this argument ignores the fact that, at the time Pungs acquired title, the land in question had been sold under a land contract and that the vendor's interest acquired by Pungs was "not a subject of dower." *Detroit Trust Co.* v. *Baker,* 230 Mich. 551, 559. See 17 Am. Jur. p. 672. In order to further satisfy defendant, plaintiff could secure and record a quitclaim deed from his wife or the trial court can direct that she be made a party defendant so that her claimed rights, if any, may be determined.

Appellant also insists that, because of a reservation in a certain deed to Mrs. Witherspoon and her husband for a pathway of five feet in width along the channel bank, plaintiff cannot give "a good and sufficient warranty deed of said above-described premises, free and clear of and from all liens and incumbrances," as provided in the land contract, and that this is an additional reason why plaintiff was not entitled to a decree of foreclosure.

The record does not contain sufficient testimony to permit determination of the extent and effect of the claimed defect. The record does show, however, that defendant admitted the vendees went into possession of the premises August 13, 1921, when the land contract was executed, and that he is now in possession of the same. In *Jordan* v. *Morony,* 250 Mich. 593, defendants, who were vendees in possession of premises, claimed immunity from foreclosure because of plaintiff vendor's inability to furnish a merchantable

title as provided in the contract. This court adopted and approved the following findings of the circuit judge in that case:

" 'The court is of the opinion, however, that such a defense cannot be made because those who make it are in possession of these premises and have been for several years since the date of the Morony contract. If the title was defective and not perfected it was the duty of Morony and those holding under him to surrender possession of the premises and bring suit for any damage sustained because of breach of contract against those liable for the same. The contract purchasers here cannot forever withhold from the plaintiff their land and enjoy the possession and profits thereof and pay nothing on their contract because they claim the plaintiffs cannot furnish to them a merchantable title.' "

See authorities therein cited and annotation in 77 A. L. R. 270, 289.

We do not pass upon the question of whether or not the easement in the case before us is a bar to delivery of marketable title, there being insufficient testimony in this record to permit decision on that question. We do hold, however, under the authority of the *Jordan Case,* such a defect, if it exists, is not a bar to foreclosure of a land contract against one in possession. *Wexler* v. *Poe,* 245 Mich. 442, is not applicable, that being a bill by vendees, not in possession, for specific performance of an agreement to enter into a land contract. The *Wexler Case* is also distinguishable on other facts.

A foreclosure of a land contract in equity is controlled by equitable principles, 66 C. J. p. 1284, and, although several issues may be involved in the foreclosure proceedings, if related, equity may determine each of them. The rule that a vendor's defective title is not a bar to a foreclosure action against a

vendee in possession is but another way of stating that one who occupies under another's title is estopped to deny that title without having first surrendered possession. 27 R. C. L. p. 543, 77 A. L. R. p. 290. But where, as here, vendee requests equitable relief in a manner consistent with good conscience, he should be given the opportunity to obtain such relief. This was accorded him in part when the court below correctly acted within its discretion in ordering a foreclosure sale without permitting a deficiency decree. In order to adjudicate all of the equities between the parties where a decree of foreclosure sale includes a right of redemption, the court may, upon the application of the vendee, adjust the redemption amount if the vendor cannot convey the kind of title required by the contract. *Dirr* v. *Hitchman*, 260 Mich. 179. The discretion thus exercised differs in no material respect from that exercised in denying a deficiency decree or in determining an action for specific performance or for cancellation of a land contract. *Bonninghausen* v. *Hall*, 267 Mich. 347. A vendor who cannot perform according to the covenants of his agreement is not in a position to complain of such procedure because a party seeking equity should be required to do equity. This practice has the advantage of settling all the disputed questions in one action, a traditional aim of equity. Under this doctrine the trial court should have considered the prayer of defendant vendee's cross-bill and adjudged the claimed defects in the title. If the claimed defects are found to exist and are of a nature that can be compensated for by an adjustment of the contract price, that adjustment should be made in the redemption amount. *Dirr* v. *Hitchman* and *Bonninghausen* v. *Hall, supra*.

Although we are in accord with the view of the trial judge, as expressed in the decree, that fore-

closure of the land contract should be had and, in the event of sale for less than the balance due thereon, no decree of deficiency should be entered, it is nevertheless necessary to set aside this decree in order to require plaintiff to execute and record a good and sufficient deed conveying title from himself individually to himself as trustee, and for the consideration of the other matters discussed herein.

The decree is vacated and the cause is remanded for further action in conformity with this opinion and the entering of a new decree in the circuit court. Costs to appellant.

BUTZEL, C. J., and SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred with BUSHNELL, J.

POTTER, J. (*dissenting in part*). August 13, 1921, Mary Witherspoon made a land contract to convey certain lands in St. Clair county to John Hilgendorf and Mary Hilgendorf, his wife. All parties named in this contract are dead. June 10, 1929, the probate court of Wayne county assigned the residue of the estate of Mary Witherspoon, deceased, including the property in dispute, as follows: One-fourth each to Isabelle M. Baxter, Grace N. Pungs, and Howard C. Witherspoon; and one-eighth each to William H. Witherspoon, and Sydney C. Pungs as testamentary trustee for the benefit of Dorothy May Witherspoon and Howard Witherspoon, minors. Sydney C. Pungs, plaintiff herein, did not file his bond as testamentary trustee until December 29, 1930. June 7, 1929, prior to the order of the probate court assigning the residue of Mary Witherspoon's estate, Isabelle M. Baxter, Grace N. Pungs, Howard C. Witherspoon and William H. Witherspoon conveyed their interest in the property in question to plaintiff, Sydney C. Pungs, trustee for Dorothy Witherspoon and Howard Witherspoon, minors. In the granting part

of the deed it is provided that the conveyance is "unto the said party of the second part, and his heirs and assigns forever." Defendant and appellant is the sole heir at law of the vendees in the land contract and acquired their interest therein July 25, 1930. November 25, 1930, Sydney C. Pungs, as testamentary trustee, was authorized by the probate court to deed the lands in question to the contract purchasers on payment of the amount due on the land contract. The record indicates defendant was ready to pay the balance due on the land contract but that his attorney found certain claimed defects in the abstract of title furnished by plaintiff, and payments on the contract were discontinued. Plaintiff then tendered title insurance for the full amount of the contract, but which contained a reservation as to part of the property. Defendant's attorney refused to accept it and demanded the abstract be cleared. An agreement was made whereby defendant was to be paid $125 to correct the legal description of the property and this was accomplished, but nothing was done about the claimed defect in the abstract which showed a reservation of a five-foot strip of land along the channel bank, to be used for a walk. Defendant made no more payments on the contract, claiming he was not bound to do so because plaintiff could not furnish a clear title. December 17, 1936, plaintiff, Sydney C. Pungs, filed a bill in chancery, as trustee, for an accounting as to the balance due on the land contract and, in default of payment, to foreclose the same, and for a deficiency. Defendant answered, denying he had assumed the obligations of the contract but admitting he was in possession of the premises under an order of the probate court of Wayne county. He claimed the vendees in the land contract were not in default and that plaintiff had not complied with the covenants of the

contract because of failure upon the part of plaintiff to comply with defendant's demand for delivery of a good and marketable title. The trial court, April 7, 1938, entered a decree finding the amount due upon the land contract $4,784.67, directing defendant pay or cause to be paid that amount, together with interest at 7 per cent. per annum from April 7, 1938, or, in default thereof, that the premises be sold to satisfy the amount due upon the land contract, but that no decree for deficiency be entered against defendant, who was given six months from date of sale to redeem.

Defendant appeals, claiming plaintiff was not a proper party to the foreclosure as trustee; that the abstract showed defects in title; that the trial court erred in dismissing defendant's cross-bill; and that the interest upon the contract was erroneously computed.

1. Plaintiff in his bill of complaint describes himself as "trustee, under the will of Mary Witherspoon, deceased, for Dorothy and Howard Witherspoon, grandchildren of said deceased." The residue of the estate of Mary Witherspoon, deceased, was assigned and plaintiff was appointed testamentary trustee by the probate court and his bond as such testamentary trustee fixed at $6,000, June 10, 1929. His bond as such testamentary trustee was not filed until December 29, 1930.

The statute, 3 Comp. Laws 1929, § 15865 (Stat. Ann. § 27.3044), provides:

"Every testamentary trustee before he enters upon his duties as trustee, shall give a bond."

The statute, 3 Comp. Laws 1929, § 15870 (Stat. Ann. § 27.3049), provides:

"Every trustee who neglects to give bond in accordance with law, within thirty days after the pro-

bate court shall fix the penal sum of said bond, shall be considered to have declined or resigned the trust."

The failure of plaintiff to give bond as testamentary trustee within the prescribed time amounted to a disclaimer and he, therefore, never became in law a testamentary trustee entitled to administer the trust estate as such testamentary trustee. The fact that he proceeded to act as a trustee did not change his legal status. *Gibney* v. *Allen,* 156 Mich. 301. Plaintiff, under the will of Mary Witherspoon, deceased, has no power and authority as such testamentary trustee to maintain this suit.

2. It does not follow the bill of complaint should be dismissed. Plaintiff was the grantee in the deed dated June 7, 1929, by the grantors above named to him, as trustee of Dorothy and Howard Witherspoon, minors, which deed ran "unto the said party of the second part, and to his heirs and assigns forever." It is claimed because this deed runs to plaintiff, his heirs and assigns forever, it vested the title to such property in plaintiff individually, and that parol testimony is not admissible to show otherwise. Reliance is placed upon *Sanborn* v. *Loud,* 150 Mich. 154 (121 Am. St. Rep. 614). In that case, plaintiff claimed he held the title to the premises in trust. It was said:

"The claim that the title was held in trust is one which should be made in a court of equity. Under our practice, that is the proper tribunal in which to determine that question and it has authority to grant appropriate relief."

Plaintiff files his bill of complaint as trustee for Dorothy and Howard Witherspoon. He acknowledges in writing in the bill of complaint he holds the title to the premises as trustee for Dorothy Witherspoon and Howard Witherspoon. It is unnecessary

to resort to parol evidence to overthrow the deed. Plaintiff's holding as trustee is admitted. He is not claiming title personally.

A trustee may waive the statute of frauds and acknowledge the existence of the trust, and in such case the trust will be upheld and the statute of frauds deemed to have no application. 65 C. J. pp. 257, 258.

In *Patton* v. *Chamberlain,* 44 Mich. 5, a trust in real estate rested in parol. But the grantee defended the suit and avowed the trust in her answer. It was said:

"That is a sufficient declaration of trust in writing to answer the requirements of the statute of frauds."

See, also, *Teske* v. *Teske,* 212 Mich. 468; *Kerschensteiner* v. *Northern Michigan Land Co.,* 244 Mich. 403; *Johnson* v. *Becker,* 251 Mich. 132.

In fact, the statute of frauds is satisfied if the trust can be proved by any subsequent acknowledgment by the trustee, as by an express declaration, or any memorandum to that effect. 1 Perry on Trusts & Trustees (7th Ed.), § 82; Lewin on Trusts (13th Ed.), p. 62; *Kerschensteiner* v. *Northern Michigan Land Co., supra.* There can be no objection to the grantee in the deed in question subsequently declaring that he holds the title to the premises in trust. 65 C. J. p. 276. Plaintiff, as trustee, had a right to maintain the suit. The trial court correctly held that plaintiff, as trustee, could bring this suit.

3. There is some question about plaintiff's ability to convey a clear title to defendant in the event defendant chooses to redeem. This is not sufficient to prevent foreclosure. The contract purchasers cannot withhold from plaintiff his land and enjoy the possession and profits thereof and pay nothing on the contract because they claim plaintiff cannot furnish them with a merchantable title.

Defendant is not without remedy. He may institute suit to rescind for failure of title. *Jordan* v. *Morony,* 250 Mich. 593. The rule extends to one who, as assignee or grantee of the vendee, acquires possession from him. 27 R. C. L. p. 546. The trial court should have adjusted the claimed defects in plaintiff's title and the redemption amount in accordance with the difference between what the property would have been worth without such defects and what it is worth with them. *Dirr* v. *Hitchman,* 260 Mich. 179; *Bonninghausen* v. *Hall,* 267 Mich. 347. When any matter becomes involved in a chancery suit, the necessities of justice and equity require that all persons and all things concerned in the controversy shall be brought before the court to have their respective interests changed or protected and to end the controversy once and for all. *Brown* v. *Kalamazoo Circuit Judge,* 75 Mich. 274 (5 L. R. A. 226, 13 Am. St. Rep. 438). The court having equitable jurisdiction herein will retain it to grant complete relief. *Gillen* v. *Wakefield State Bank,* 246 Mich. 158; *Bennett* v. *Haines,* 225 Mich. 185; *Whipple* v. *Farrar,* 3 Mich. 436 (64 Am. Dec. 99).

4. Dorothy Witherspoon and Howard Witherspoon, the minor heirs, are the beneficial owners of a one-eighth interest in the land contract. Plaintiff, not having filed his bond as testamentary trustee within the prescribed time, and thus disclaimed the trust under the will, had no power and authority to represent them by reason of having been appointed trustee under the will of Mary Witherspoon, deceased. The rule in relation to parties is that all should be made parties whose interests are to be affected or concluded by the decree. *Chamberlain* v. *Lyell,* 3 Mich. 448.

"A sentence of a court pronounced against a party without hearing him, or giving him an opportunity

to be heard, is not a judicial determination of his rights." *Windsor* v. *McVeigh*, 93 U. S. 274, 277.

"Every man is entitled to his day in court before his rights can be finally disposed of, and even the legislature could not deprive him of the right." *Ehlers* v. *Stoeckle*, 37 Mich. 261.

Plaintiff represented the interests of these minors, not as trustee under the will of Mary Witherspoon, deceased, but as grantee in the deed above mentioned. Their interests as beneficiaries under the will of Mary Witherspoon, deceased, were not represented, plaintiff not having filed his qualifying bond as testamentary trustee in accordance with the statute.

"In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant." 3 Comp. Laws 1929, § 14018 (Stat. Ann. § 27.662).

The interests of these minor heirs under the deed are represented by Sydney C. Pungs, plaintiff-trustee. Their interests under the will of Mary Witherspoon, deceased, are represented by Sydney C. Pungs, their guardian *ad litem*. They should not be plaintiffs and defendants in the same suit. As infants, they may be represented by guardian *ad litem* only when they are defendants. Their interests as beneficiaries under the deed and under the will are not antagonistic. Such infants should join as plaintiffs, by next friend, so far as their interest herein as beneficiaries under the will of Mary

Witherspoon, deceased, is concerned. 3 Comp. Laws 1929, §§ 14036–14038 (Stat. Ann. §§ 27.680–27.682). They are not so joined. But, "no action at law or in equity shall be defeated by the non-joinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require." 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665).

5. Appellant contends the interest on the contract was not computed by the trial court in accordance with the terms of the contract and the statute. The contract and the statute govern.

6. Defendant should be entitled to credit for the amount plaintiff agreed to advance to clear the title to the premises.

The decree of the trial court should be reversed and the cause remanded for further proceedings in accordance herewith. Costs to appellant.

WIEST, J., concurred with POTTER, J.